NANCY L. DUPAY AND ANOTHER v. KRUGERS
INCORPORATED AND OTHERS.

172 N. W. (2d) 567.

November 28, 1969—No. 41696.

*Gerald C. Magee* and *John F. Angell,* for appellants.
*Coulter, Nelson & Sullivan* and *Charles R. Coulter,* for respondents.

Heard before Knutson, C. J., and Nelson, Sheran, Peterson, and Frank T. Gallagher, JJ.

PER CURIAM.

Appeal from a judgment of the district court dismissing an action for personal injuries with prejudice.

The action involves a claim for damages sustained as a result of an automobile accident on December 19, 1964. The case was set for trial on October 31, 1966; January 12, 1967; April 27, 1967; and March 11, 1968. On each date, the case was continued through no fault of counsel for either party. On January 12, 1968, the case was set for trial for April 25, 1968.

On April 24, 1968, counsel for plaintiffs contacted his clients and was advised that the only medical expert was out of town and would not be available to testify the next day. Counsel notified the court of this fact and it was suggested that the case be tried with the medical reports being used as evidence. Counsel for plaintiffs was unable to agree to this suggestion. He then discussed with the court the possibility of continuing or dismissing the case and was advised that the case was the oldest one on the calendar and that the court desired to dispose of it. Counsel then stated his intent to dismiss the case. It is evident from

the discussion concerning the possibility of defendants' counsel taxing attorneys' fees upon a motion of reinstatement that a dismissal without prejudice was contemplated. On May 15, 1968, the district court granted defendants' motion to dismiss with prejudice.

In Firoved v. General Motors Corp. 277 Minn. 278, 152 N. W. (2d) 364, we stated that the factors to be considered in determining whether a dismissal should be with prejudice include the prejudicial effect of the order upon the parties and the amount of delay involved for the disposition of other cases. We noted that ordinarily the expense incurred by defendant in preparation for trial would not be prejudice of the sort which would justify either a refusal to permit plaintiff to dismiss without prejudice or a dismissal with prejudice. Although we stated our intention of upholding the trial court's discretion in enforcing court calendar rules, we noted that the policy of disposing of claims on the merits is of overriding importance.

There is no indication in this case of any prejudice to defendants other than the expense of preparation for trial. Although the case was the oldest on the calendar as of the last date set for trial, prior continuances were not the result of conduct by plaintiffs or their counsel. While we encourage the strict enforcement of court rules so that cases may be disposed of in a timely and fair manner, we think that the injury to plaintiffs in dismissing with prejudice in this particular case exceeds any harmful effect to the disposition of other cases which will result from reinstatement. Had plaintiffs' counsel been informed on April 24, 1968, that any dismissal would be with prejudice, our holding would be different.

Reversed with directions to enter a dismissal of plaintiffs' action without prejudice. Defendants are granted leave to apply to the district court for costs and attorneys' fees incurred in preparation for trial on April 25, 1968.

Reversed and remanded with directions.