MARY KIELSA v. ST. JOHN'S
LUTHERAN HOSPITAL ASSOCIATION AND OTHERS.

177 N. W. (2d) 420.

May 15, 1970—No. 42052.

*Thuet, Todd, Anderson & Collins* and *Jack A. Mitchell,* for appellant.

*Jardine, Logan & O'Brien, John R. O'Brien, Alan R. Vanasek, Meagher, Geer, Markham & Anderson, O. C. Adamson II, Alt-*

*man, Geraghty, Leonard & Mulally, James H. Geraghty,* and *Richard E. Leonard,* for respondents.

Heard before Knutson, C. J., and Rogosheske, Sheran, Peterson, and Frank T. Gallagher, JJ.

ROGOSHESKE, JUSTICE.

Appeal from a judgment of the district court dismissing plaintiff's action with prejudice pursuant to Rule 41.02(1), Rules of Civil Procedure. We affirm the judgment of dismissal.

The action, which was commenced on July 26, 1962, is based upon a claim of medical malpractice which arose on December 11, 1958. Plaintiff's complaint alleged that on that date, while she was a hospital patient following a gall bladder operation, she sustained a severe burn and scarring to her right leg as a result of defendants' negligence in administering "Levophed," a drug used as an antidote for severe postoperative shock; and that fraudulent concealment of her cause of action on the part of defendant hospital and defendant Herbert Busher and a continued patient-physician relationship with defendant Martin E. Janssen suspended the operation of the 2-year statute of limitations applicable to malpractice actions.[1]

Although plaintiff's incomplete appendix and our careful examination of the district court file fail to reveal support for some of the claims made, the procedural history subsequent to commencement of suit, so far as we can ascertain, follows. On October 14, 1964, over 2 years after suit was commenced, plaintiff filed a note of issue. Trial was scheduled to begin on February 20, 1967; April 18, 1967; and November 8, 1967, but was continued each time for reasons not disclosed. On November 9, 1967, the court, with consent of the parties, ordered the action stricken from the calender with leave to reinstate "upon appropriate motion or upon a stipulation that all parties are ready for immediate trial, the day certain to be set forth in said stipulation." During the pendency of the action, and especially during 1963

---

[1] Minn. St. 541.07(1).

and 1967, and to some extent in 1968, extensive discovery procedures were pursued by the parties. Except for plaintiff's unexplained delay in answering defendant hospital's interrogatories until January 22, 1969, and her failure to respond to defendant hospital's demand for medical disclosure and authorization pursuant to Rule 35.04, Rules of Civil Procedure, pretrial discovery apparently was completed by March 1968. In November or December 1968, plaintiff substituted present counsel for her original counsel. In January 1969, each of the defendants served motions to dismiss the action for want of prosecution, defendant hospital assigning as an additional ground "failure to comply with the rules." In support of the motions, an affidavit by counsel for defendant hospital disclosed that employees assigned to attend and care for plaintiff during her hospital stay, as well as one of the attending physicians, have moved from the state and are beyond the subpoena power of the court.[2] These motions were heard on January 22, 1969, and on the following day the court, without expressly denying the motions, issued the following order, the pertinent parts of which provided:

"1.   That the matter is reinstated for trial.

"2.   The case will be tried on March 24, 1969.

"3.   That the plaintiff will furnish to the defendants' attorneys the name and address of any expert witness they have in the issue of negligence or malpractice, and will furnish a written report from said expert witness to said defendants' attorneys on or before February 15, 1969, said report to be in writing.

"4.   If said name and address of witness and said report are not furnished to the defendants' attorneys in writing by Febru-

---

[2] Defendants' joint brief identifies the employees as four attending nurses and further asserts that one of defendants, Herbert Busher, as well as the husband of plaintiff, listed as a witness on her behalf, have died, and that one of the attorneys originally representing one of the defendants has retired from active trial practice. These disclosures are gratuitous, unsupported by either the record or the district court file.

ary 15, 1969, on or before February 15, 1969, it is ordered that this matter is dismissed with prejudice and on the merits.

"5.   That in the event the plaintiff furnishes said report to the defendants, the defendants are given leave to schedule and take the deposition of said expert."

On February 14, the last day for plaintiff to comply with paragraph 3 of the order, plaintiff, by letter, furnished defendants with the name and address of her expert medical witness but did not furnish the written report required. Counsel for defendant hospital promptly made demand therefor by letter. As contemplated by the reinstatement order, defendants also noticed a deposition of plaintiff's medical expert for February 27. The only disclosure of what thereafter occurred is found in the court order of February 27, 1969, dismissing the action with prejudice. After noting the appearance before the court on February 26 of counsel for plaintiff and defendant hospital, the order continues:

"The matter was heard by arrangement of counsel, and upon oral motion of Defendant, St. John's Hospital, for dismissal with prejudice. The basis of said motion was that the Plaintiff herein had failed to comply with the Order of this Court dated January 23, 1969, in that the defendants' attorneys had not been furnished a written report from any expert witness as of February 15, 1969.

"It was further represented to the Court that defendants were in receipt of a letter from plaintiff's counsel dated February 14, 1969, that Dr. James W. Reid would appear as a medical witness. At 1:30 P.M. on February 26, 1969, however, plaintiff's counsel advised defense counsel that Dr. Reid would not in fact testify, but that he did have another doctor who would testify in the action. Said other doctor would not be available for the taking of any deposition prior to March 3, 1969, and in any event would not be available at the trial date herein on March 24, 1969. This matter arising out of an incident in December, 1958, and the

original Note of Issue having been filed on October 14, 1964, and the Plaintiff having failed to comply with the Order herein dated January 23, 1969, and upon motion of Defendant, St. John's Hospital,

"IT IS ORDERED:

"1.  That the within action is dismissed with prejudice."

■  Plaintiff concedes that in response to defendants' motions an order dismissing the action for failure to prosecute might well have been granted under Rule 41.02(1),[3] but argues that the reinstatement order in fact denied defendants' motions, thereby in effect excusing any delay or lack of diligence in prosecuting the action. Based upon that assumption and her understanding that the order of dismissal was granted solely upon the ground of a failure to comply strictly with the reinstatement order, plaintiff, relying upon Firoved v. General Motors Corp. 277 Minn. 278, 152 N. W. (2d) 364; Dupay v. Krugers Inc. 285 Minn. 523, 172 N. W. (2d) 567; and Wanek v. City of Winona, 78 Minn. 98, 80 N. W. 851, argues it was an abuse of discretion to order a judgment of dismissal with prejudice because (1) the 5-day delay in the pretrial deposition of her medical expert and the delay in obtaining his written report could not have prejudiced defendants and no showing of prejudice was attempted,[4] and (2) plaintiff's failure to comply with the reinstatement order was

---

[3] Rule 41.02, Rules of Civil Procedure, provides in pertinent part: "(1) The court may on its own motion, or upon motion of a party, and upon such notice as it may prescribe, dismiss an action or claim for failure to prosecute or to comply with these rules or any order of the court.

\* \* \* \* \*

"(3)  Unless the court in its order for dismissal otherwise specifies, a dismissal under this rule \* \* \* operates as an adjudication upon the merits."

[4] Plaintiff asserts that subsequent to the dismissal order, her expert, Dr. James Rogers Fox, did in fact furnish a written report to her on March 4.

not a deliberate or inexcusable refusal to do so but was due to circumstances beyond her control.[5]

Were plaintiff's assumption and interpretation of the procedural history supported by the record, our decisions in the Firoved and Dupay cases would justify a reversal. However, it is evident that plaintiff's interpretation of the procedural history cannot be accepted by a reviewing court charged with the duty to view the record most favorably to sustain an order involving the exercise of discretionary authority by a trial court. Cramond v. AFL-CIO, 267 Minn. 229, 126 N. W. (2d) 252. Plaintiff's interpretation ignores the facts and circumstances peculiar to this case, which the trial court without doubt took into account in passing upon defendants' successive motions to dismiss, namely, that the cause of action arose out of an incident which was over 10 years old and which had been pending over 6-1/2 years, resulting in the absence and unavailability of critical witnesses, as well as in faded memories; that the case had been scheduled for trial three times, was ordered stricken from the calender, and was not reinstated by stipulation or appropriate motion in compliance with that order; that the order of reinstatement was not responsive to a motion to reinstate and not only forewarned of, but expressly provided for, an automatic dismissal on the merits for failure to prosecute unless plaintiff furnished, within the time specified, pretrial medical disclosures to defendants as required by the rules to the end that discovery would be completed and trial follow as a certainty on the date set. To limit the basis for the order as narrowly as plaintiff insists would be not only to prefer form over substance and to ignore facts disclosed by the record as a whole, but would conflict with our repeated recognition of the necessity that the trial court enforce the rules de-

---

[5] Plaintiff further asserts that the reason given by Dr. Reid for his refusal to testify was that "he would be put into an uncomfortable position with the hospital and the medical profession," but this again is a gratuitous disclosure since the record is silent as to whether this was either claimed or established at the hearing before the trial court.

signed to promote the speedy disposition of all cases awaiting trial and keep dockets free of stale claims, the trial of which is fraught with unusual difficulties of proof and not infrequently produces unacceptable results to both the losing and prevailing party as well as public dissatisfaction with our system of justice. Firoved v. General Motors Corp. *supra*.

Clearly, ordering dismissal of the action with prejudice was justified on the facts and circumstances peculiar to this case. Indeed, had the trial court more explicitly specified the grounds for the order, the lack of merit to plaintiff's appeal would have been manifest.

■ Finally, it should be noted that when it is claimed on appeal that the trial court has abused its discretionary authority, it is incumbent upon appellant, based upon the record submitted for review, to establish a factual basis for that claim. This record does not disclose what showing was made on defendant hospital's oral motion to dismiss, and hence the inadequacy of the record alone would require affirmance. Mathews v. Taaffe, 44 Minn. 400, 46 N. W. 850; Truesdale v. Friedman, 267 Minn. 402, 127 N. W. (2d) 277.

Affirmed.