JAMES V. BEAL v. MARK REINERTSON
AND ANOTHER.

215 N. W. 2d 57.

January 18, 1974—No. 43749.

*Jack DeVaughn,* for appellant.

*Dorsey, Marquart, Windhorst, West & Halladay, David A. Ranheim, Vincent S. Walkowiak, Robb, Van Eps & Gilmore,* and *Francis W. Van Eps,* for respondents.

PER CURIAM.

This is an appeal from an order of the district court denying plaintiff-appellant's motion for an order vacating an order dismissing an action with prejudice for his refusal to comply with a pretrial discovery order.

The action arose out of an occurrence which took place in August 1971 during a meeting between a property owner and certain contractors arising out of an alleged trespass by the contractors on the land of the property owner. Plaintiff, as a lawyer, represented the property owner. The individual defendant, an officer of defendant contracting firm, during the discussions allegedly referred to plaintiff as "a shyster and a crook."

A suit was started in September 1971 to recover damages for alleged slander and interference with the contractual relationship between attorney and client. Compensatory and punitive damages were sought in the sum of $750,000 for injury to his good name and professional standing and loss of income and impairment of future earning capacity.

At a pretrial conference on January 4, 1972, plaintiff refused to surrender his income tax returns for review. On January 6, 1972, the trial court ordered that plaintiff produce his tax returns.[1]

Subsequently, without objection, plaintiff amended his complaint by reducing his claim for damages to $265,000, limited to damages for injury to his good name and professional reputation and loss of business which might have been available from the property owner.

Plaintiff did not respond to a written request on January 19, 1972, for the tax returns and at his deposition refused to produce the returns for the stated reason that they were no longer relevant. Plaintiff contended that in view of the amendment to the complaint limiting the damages to the business of one client, his tax returns were no longer relevant. Plaintiff had not sought an order relieving him of the order to produce after the amendment.

At the hearing on a motion to dismiss pursuant to Rule 37.02, Rules of Civil Procedure, the trial court entered an order dismissing the case with prejudice.

In Firoved v. General Motors Corp. 277 Minn. 278, 283, 152 N. W. 2d 364, 368 (1967), we said:

"An order of dismissal on procedural grounds runs counter to the primary objective of the law to dispose of cases on the merits. Since a dismissal with prejudice operates as an adjudication on the merits, it is the most punitive sanction which can be imposed for noncompliance with the rules or order of the court or for failure to prosecute. It should

---

[1] It should be here noted this decision does not pass on the issue whether income tax returns are discoverable. The issue of whether income tax returns are privileged was not raised and therefore not considered. Considered only was the refusal to comply with an order of the court.

therefore be granted only under exceptional circumstances. The primary factor to be considered in determining whether to grant a dismissal with or without prejudice is the prejudicial effect of the order upon the parties to the action, although under extraordinary circumstances a dismissal with prejudice might be justified even though no prejudice to defendant is shown. Obviously, the prejudice to plaintiff of such a dismissal is certain and usually permanent. As to defendant, the ordinary expense and inconvenience of preparation and readiness for trial, which can be adequately compensated by the allowance of costs, attorney's fees, or the imposition of other reasonable conditions, are not prejudice of the character which would justify either a refusal to permit plaintiff to dismiss without prejudice or a dismissal with prejudice. The defense has the burden of showing particular prejudice of such a character that some substantial right or advantage will be lost or endangered if plaintiff is permitted to dismiss and reinstitute the action. Such prejudice should not be presumed nor inferred from the mere fact of delay."

Defendants made no showing of particular prejudice in that some substantial right or advantage would be permanently lost by the failure to produce the returns. The trial court could have fixed a deadline for plaintiff to produce the tax returns and provided that if he failed to do so the action would be dismissed. True, the trial court was confronted with a difficult problem in that this was a refusal by an attorney to comply with an order of the court. However, in view of the age of the case, the alternatives available, and the failure of defendants to establish particular prejudice, the action taken was too drastic.

The action taken by the trial court is reversed and the matter remanded. The case shall be reinstated for trial upon the next trial calendar in the county. Plaintiff shall comply with the pretrial discovery order within 10 days from the date of this decision. In the event plaintiff fails to comply, the court will issue an order dismissing the action with prejudice.

No costs are allowed to either party.

Reversed and remanded.

MR. CHIEF JUSTICE SHERAN, not having been a member of this court at at the time of submission, took no part in the consideration or decision of this case.