STEVEN MICHAEL KOCH, A MINOR, BY PATRICIA M. JACOBSON, HIS MOTHER AND NATURAL GUARDIAN, AND OTHERS v. FIRST NATIONAL BANK OF WINONA, SPECIAL ADMINISTRATOR OF ESTATE OF GARY LeROY GUDMONSON, AND OTHERS.

215 N. W. 2d 59.

February 8, 1974—No. 44168.

*Daniels, Johnson, Bix, Mergens & Daniels* and *Roger A. Johnson,* for appellant.

*Streater, Murphy, Brosnahan & Langford* and *Kent A. Gernander,* for respondents.

PER CURIAM.

Appeal from an order of the district court denying a motion to amend the court's order for distribution of insurance proceeds tendered in partial satisfaction of judgments awarded a minor for personal injuries and his parents for medical and other out-of-pocket expenses. We affirm.

In May 1969, Steven Michael Koch, a minor, was seriously injured in a motor vehicle accident in the city of Winona. As a result of the accident, young Koch was required to undergo prolonged hospitalization during which his right leg was amputated at the knee.

Mrs. Patricia M. Jacobson, as Steven's mother and natural guardian, subsequently brought suit on his behalf to recover for his injuries and on her own behalf. His father, Paul Koch, the appellant herein, was made a plaintiff in a claim for medical and other out-of-pocket expenses. (The parents had been divorced since 1960 and appellant by the terms of the divorce decree was required to pay $50 monthly for Steven's support as well as medical and hospital expenses of the parties' minor children.)

The suit brought in Steven's behalf resulted in a jury award, by special verdict, of $40,000 for Steven's personal injuries and $19,346 for past and future medical and out-of-pocket expenses incurred by his parents. The trial court ordered judgment for the parties in the respective amounts found by the jury.

Appellant's medical insurance paid expenses totaling $12,784.17. Mrs. Jacobson's husband carried medical insurance on Steven which paid expenses of $3,382.92. In addition, appellant incurred out-of-pocket expenses of $300, which were not reimbursed by insurance. Mrs. Jacobson claimed out-of-pocket expenses of $2,700, for which she was not reimbursed. Neither of the insurance companies which paid medical expenses on Steven's behalf have a right to subrogation for amounts expended under the terms of their policies.

After the judgments were entered, Patricia Jacobson petitioned the district court for an order authorizing the distribution of insurance proceeds tendered by Travelers Insurance Company, the liability insurer of the defendants in the personal injury suit. Those defendants carried a fixed-limit liability insurance policy of $50,000. After settlements with other parties to the suit, a total of $37,419.37, including interest, was left to satisfy the claims of Steven, Mrs. Jacobson, and appellant.

Mrs. Jacobson, by her petition, proposed that a partial satisfaction of judgment and releases be granted to Travelers Insurance Company and that the court approve the following distribution of the insurance proceeds:

"Reimbursement of Petitioner's medical
and out of pocket expenses $ 2,700.00 [1]
Reimbursement of the minor's father's
out of pocket expenses 300.00
Attorneys fees and expenses 13,000.00
Robins, Davis & Lyons 161.68
Deposit for minor's general damages 21,257.69"

Appellant appeared at the hearing on Mrs. Jacobson's petition and objected to the proposed distribution. The petition was nevertheless granted and distribution ordered as set out therein. Appellant moved to amend the court's order for distribution so as to allocate the insurance proceeds in proportion to the special verdict. The motion was denied and this appeal followed.

The issue here is whether the district court erred in distributing insurance proceeds, tendered in partial satisfaction of separate judgments in favor of a minor and his parents, to first satisfy the minor's judgment.

No case law has been cited in support of either position. Appellant argues that a father is liable for medical expenses of his minor child and has the sole right to recover. He further argues that he has paid a valuable premium for medical insurance and the court cannot prohibit him from recovering medical expenses even if he has been reimbursed by insurance.

Even if these points were to be conceded, there appears no basis for reversal of the lower court. The court by its order did not deprive appellant of his judgment, as the judgment awarded him and Mrs. Jacobson jointly still exists. With the exception of his proportionate share of attorneys' fees and the $300 grant-

---

[1] Mrs. Jacobson assigned her interest in the judgment for medical expenses to her son, Steven.

ed him for out-of-pocket expenses, appellant still has an interest in the portion of the $19,346 judgment which remains unsatisfied. The court order merely directed that the insurance proceeds be used primarily to satisfy the judgment in favor of the minor rather than the judgment in favor of his parents.

Here the interests of the minor conflicted with those of his parents. In such cases it is the duty of a court of equity to exercise its protective jurisdiction in behalf of minors. 9A Dunnell, Dig. (3 ed.) § 4433.

Part I, Rule 3, District Court Code of Rules, presently requires court approval of any proposed payment of proceeds of any claim brought in behalf of a minor. The underlying reason for the rule is to protect the interests of the minor.

In exercising its equitable powers in behalf of minors, the welfare of the child ought to be the matter of paramount concern, to which, in the event of conflict, every other interest must give way. In re Adoption of Jaren, 223 Minn. 561, 27 N. W. 2d 656 (1947).

Where, as here, there is a conflict between the interests of parent and child, the district court does not abuse its discretion by interceding in behalf of the child.

Affirmed.

MR. CHIEF JUSTICE SHERAN, not having been a member of this court at the time of the submission, took no part in the consideration or decision of this case.