**HOUSING AND REDEVELOPMENT AUTHORITY OF the CITY OF SAINT PAUL, Minnesota, petitioner, Respondent,**

v.

**John J. KOTLAR, et al., Defendants,**

**Landon B. Swyningan, Appellant.**

**No. C9–84–491.**

Court of Appeals of Minnesota.

July 31, 1984.

Philip B. Byrne, Asst. City Atty., St. Paul, for respondent.

Landon B. Swyningan, pro se.

Considered and decided by LANSING, P.J., and WOZNIAK and FORSBERG, JJ., with oral argument waived.

## OPINION

WOZNIAK, Judge.

This is an appeal from the trial court's dismissal with prejudice of Landon Swyningan's appeal of a commissioner's award in a condemnation action. We affirm.

## FACTS

The appellant in this case, Landon Swyningan, was one of many defendants named in a "quick-take" condemnation proceeding started by Housing and Redevelopment Authority of the City of Saint Paul (HRA). Swyningan owns part of the condemned property.

The commissioners awarded Swyningan $100,000 for his interest in the condemnation. He received the award, but appealed the commissioner's decision. The suit was in the discovery stage.

On June 22, 1983, HRA made three discovery requests: a Demand for Appraisal Disclosure; Interrogatories; and a Request for Production of Documents. The Demand for Appraisal Disclosure asks for a disclosure of Swyningan's expert witnesses for appraising the property. In its Interrogatories, HRA asks for information on the valuation of the property, including tax information. The Request for Production of Documents is a request to produce tax forms. The purpose of the tax forms was to ascertain what Swyningan reported as rents earned on the property.

Swyningan did not respond. A follow-up letter sent by HRA on July 28, 1983 also obtained no response. HRA then sought the court's help in obtaining the documents. On September 14, 1983, the trial court ordered Swyningan to respond by October 4, 1983. Again, Swyningan failed to respond on the record. HRA returned to court and received an order dismissing the case on February 6, 1984.

In his brief, Swyningan claims that at the September 14, 1983 hearing his trial counsel "oraly [sic] informed counsel for the respondent, that the appellant had failed to file any returns for the years requested and that the only expert witness that the appellant would call for testimony was the same expert that testified at the time of the commissioner's hearing."

Since HRA's original appraisal of Swyningan's building, much has changed. HRA's appraiser has died. The building has been demolished. A new development,

changing the entire character of the neighborhood, has been built. Reappraisal under these circumstances would be most difficult.

## ISSUE

Did the trial court abuse its discretion by dismissing this case with prejudice? ·

## ANALYSIS

■ Two policies come into conflict when the court faces a motion to dismiss on procedural grounds. On the one hand, "a broad measure of discretion must be left to trial judges to enforce calendar rules, to prevent unnecessary and inexcusable delays, and to promote the public interest in keeping court dockets free of stale claims." *Firoved v. General Motors Corp.*, 277 Minn. 278, 284, 152 N.W.2d 364, 369 (1967). On the other hand, "[a]n order of dismissal on procedural grounds runs counter to the primary objective of the law to dispose of cases on the merits." *Id.* at 283, 152 N.W.2d at 368.

■ The primary factor to be considered in a dismissal, according to our Supreme Court, is the prejudice to the parties:

Obviously, the prejudice to plaintiff of such a dismissal is certain and usually permanent. As to defendant, the ordinary expense and inconvenience of preparation and readiness for trial, which can be adequately compensated by the allowance of costs, attorney's fees, or the imposition of other reasonable conditions .... The defense has the burden of showing particular prejudice of such a character that some substantial right or advantage will be lost or endangered if plaintiff is permitted to dismiss and reinstitute the action.

*Id.* at 283–284, 152 N.W.2d at 368. The defense must show particular prejudice overcoming the court's reluctance to procedurally dismiss without a decision on the merits before a dismissal will be proper.

In *Firoved*, a personal injury trial was continued several times over a number of years because of lack of preparedness and inability to find counsel. Finally on the day of trial, plaintiff's counsel admitted incompetence and refused to proceed with the trial. While admitting that it was a close question, the Minnesota Supreme Court thought "under the particular circumstances shown the action taken was too drastic." *Id.* at 282, 152 N.W.2d at 368.

In *Kielsa v. St. John's Lutheran Hosp. Assoc.*, 287 Minn. 187, 177 N.W.2d 420 (1970), however, the Minnesota Supreme Court found reasons sufficient to sustain a dismissal with prejudice. Noting that it must "view the record most favorably to sustain an order involving the exercise of discretionary authority by a trial court [the order dismissing]," *id.* at 192, 177 N.W.2d at 423, the court found sufficient prejudice to the defendant to allow the dismissal. The incident had happened ten years before and had been pending in court for over six years. Critical witnesses were unavailable, and memories had dimmed as a result. The case had been set for trial three times, but continued. Finally, with due warning to the plaintiff, an order of reinstatement was issued which expressly provided for an automatic dismissal on the merits if the plaintiff did not proceed to trial. The court dismissed the case when the plaintiff did not proceed. The Supreme Court, relying heavily on the discretionary nature of the trial court's action, affirmed noting:

when it is claimed on appeal that the trial court has abused its discretionary authority, it is incumbent upon appellant, based upon the record submitted for review, to establish a factual basis for that claim. This record does not disclose what showing was made on defendant hospital's oral motion to dismiss, and hence the inadequacy of the record alone would require affirmance.

*Id.* at 193, 177 N.W.2d at 424.

In *Beal v. Reinertson*, 298 Minn. 542, 215 N.W.2d 57 (1974), an attorney was plaintiff in a slander suit against someone who called him "a shyster and a crook." At a pretrial conference, the plaintiff refused to surrender his income tax returns. ·

The trial court ordered the plaintiff to produce them, but he still did not. The court then dismissed the case. The Minnesota Supreme Court reversed because:

> [d]efendants made no showing of particular prejudice in that some substantial right or advantage would be permanently lost by the failure to produce the returns. The trial court could have fixed a deadline for plaintiff to produce the tax returns and provided that if he failed to do so the action would be dismissed.... [I]n view of the age of the case, the alternatives available, and the failure of defendants to establish particular prejudice, the action taken was too drastic.

*Id.* at 544, 215 N.W.2d at 58–59.

Swyningan claims that an oral response to the order to produce the documents was made by his trial attorney. Recognizing that this was not a proper response to the order, Swyningan claims that this was negligence of his attorney that should not be attributed to him. While it is true that delays caused by delinquencies of counsel should not be visited upon the client, *Firoved*, 277 Minn. at 284–85, 152 N.W.2d at 369, the record must reflect the delinquency and show he is not without fault himself in this delay. The trial court found that Swyningan made no attempt to comply with the order. Swyningan's attempt on appeal to offer an oral statement made to opposing counsel off the record cannot be considered since it is not part of the record. *See Kielsa*, 287 Minn. at 193, 177 N.W.2d at 424. The record supports the trial court's finding that no attempt was made to comply with the order.

If it is true that Swyningan has not filed taxes for the last several years, it would be understandable why he did not want a statement of that made in a public record. That is not, however, an excuse for disobeying a court order. The failure to produce the records then would not be the result of attorney neglect, but Swyningan's own fault for not filing his tax returns and then trying to cover it up.

HRA has noted a number of items of prejudice to them because of this delay. Their chief expert witness of the appraisal of the land has died. The building has now been demolished and the property redeveloped. The appraisal will have to be done on the basis of what others remember about the property. This makes reappraisal of the building extremely difficult. Swyningan's failure, without explanation, to produce documentation of the property's worth within the court-ordered deadline prejudiced HRA.

Procedurally, the trial court went the extra step suggested in *Beal.* After Swyningan failed to produce the documents, the trial court set a deadline to produce them. That order was ignored by Swyningan. Having shown both prejudice to the defense and failure to produce by a court-ordered deadline, the trial court was within its discretion to dismiss this case.

### DECISION

The trial court was within its discretion to dismiss this action because of plaintiff's failure to produce important documentary evidence within the court-ordered deadline.

Affirmed.