In re the Marriage of Janet Louise **HAIMAN, Petitioner, Appellant,**

v.

**Howard George HAIMAN, Respondent.**

No. C5–84–1248.

Court of Appeals of Minnesota.

Feb. 26, 1985.

Gail N. Murray, Hibbing, for appellant.

Jeffrey S. Rantala, Hibbing, for respondent.

Heard, considered and decided by PARKER, P.J., and SEDGWICK and LESLIE, JJ.

## OPINION

SEDGWICK, Judge.

This appeal is from the trial court's denial of the custodial mother's motion to modify the dissolution judgment to increase child support. We reverse and remand.

### FACTS

The original dissolution judgment was entered May 1979 pursuant to stipulation of the parties. Respondent father was ordered to pay $100 per month per child. The two children of the marriage were at that time seven and eight years old. Appellant mother was awarded $100 per month maintenance for five years, ending May 1984. Her income at the time of the decree was $540 per month, including maintenance and child support. Her total monthly income at present is $700, including child support payments. Her monthly expenses are $971.

Respondent earned a net monthly income of $1,100 in 1979 and the trial court found his earnings at present were about the same, subject to cost of living and merit increases, which gives him about $1,400 per month. Neither party has remarried.

The trial court concluded that since each of the parties was earning about the same now as at the time of dissolution there had been no substantial change of circumstances, and the appellant's motion was denied. The trial court further determined that cost of living increases permitted by Minn.Stat. 308, Laws of 1983, were not applicable to child support based on stipulated settlements.

### ISSUES

1. Did the trial court err in not considering the increased needs of the children?

2. Did the trial court err in determining that cost of living increases are not applicable to child support based on stipulated settlements?

### ANALYSIS

A child support award may only be modified upon a showing of a substantial change of circumstances from those existing at the time of the award. *See* § 518.64, subd. 2 (Supp.1983). This statute provides in part:

The terms of a decree respecting maintenance or support may be modified upon a showing of one or more of the following: 1) substantially increased or decreased earnings of a party; 2) substantially increased or decreased need of a party; 3) receipt of assistance under sections 256.-72 to 256.87; or (4) a change in the cost-of-living for either party * * * which makes the terms unreasonable and unfair. On a motion for modification of support, the court shall take into consideration the needs of the children and the financial circumstances of each party's spouse, if any * * *.

The trial court failed to take the increased needs of the children, now 12 and

13 years of age, into consideration. This it must do, along with consideration of the increased or decreased earnings of the parents, in order to determine whether the terms of the decree respecting child support are now unreasonable and unfair. Appellant's affidavit indicates her needs and those of the children to be $971 per month. This is a frugal budget, which her income with present child support is unable to meet. The court must make findings of the children's needs and determine whether fairness to all parties requires modification.

■ The trial court also erred by not applying Minn.Stat. § 518.641, subd. 5 (Supp.1983). This subdivision provides:

A motion for enforcement or modification of an existing child support order shall include a request for a cost-of-living clause. The court may deny the request only upon an express finding that the obligor's occupation, income, or both, does not provide for a cost-of-living adjustment or that the existing child support order either has a cost-of-living clause or sets forth a step increase which has the effect of a cost-of-living adjustment.

The court found that respondent did get cost-of-living increases. There is no logical reason for the trial court's distinction between support orders based on stipulation and other orders. The statute makes no such distinction.

■ Appellant also contends that it was error for the court not to consider the child support guidelines in its assessment of the request for modification. *See* Minn.Stat. § 518.17, subd. 5 (Supp.1983). This court recently considered this question in *Hadrava v. Hadrava*, 357 N.W.2d 376 (Minn.Ct. App.1984). The court found that if a substantial change in circumstances is shown, the trial court then must apply the statutory guidelines unless it makes express findings of fact justifying the deviation. *Id.* at 379. If, on remand, the court finds a substantial change in circumstances based on all factors including present needs of the children then it must consider whether the guidelines apply.

**DECISION**

Reversed and remanded for consideration of and findings of the needs of the children and to apply cost of living increases mandated by Minn.Stat. § 518.641, subd. 5.