In re the Marriage of Louis Charles **SUDHEIMER, Petitioner, Appellant,**

v.

**Pamela Paige SUDHEIMER, Respondent.**

No. C3–85–139.

Court of Appeals of Minnesota.

Aug. 20, 1985.

Katz, Lange, Davis & Manka, Patrick W. Ledray, Minneapolis, for petitioner, appellant.

Michael C. Black Law Office, Michael C. Black, St. Paul, for respondent.

Heard, considered and decided by PARKER, P.J., and HUSPENI and FORSBERG, JJ.

## OPINION

PARKER, Judge.

This is an appeal from a judgment entered against appellant Louis Sudheimer as a sanction for failure to comply with discovery. In 1982 respondent Pamela Sudheimer sought judgment against appellant for child support arrearages. Appellant denied the arrearages existed in the amount claimed. He also moved to amend the parties' dissolution decree, claiming his child support obligation should be reduced because of a substantial change of financial circumstances.

A family court referee ordered appellant's pleadings stricken and a default judgment entered against him as a sanction for failure to comply with discovery. The district court confirmed the referee's order, and judgment was entered. We vacate and remand.

## FACTS

The parties' marriage was dissolved in 1979. Respondent was awarded custody of the parties' two children: Lara Paige, born May 26, 1970, and Sonja Louise, born November 9, 1973. Appellant was ordered to pay child support and maintenance totaling $600 per month. The decree also provided that if respondent remarried or cohabited with someone, maintenance would terminate and child support would be $466 per month.

In June 1982 respondent sought judgment against appellant for child support arrearages allegedly having accrued since September 1980. Appellant denied being in arrears in the amount claimed but, in the alternative, requested forgiveness of the debt. He also moved for a reduction of his child support obligation to $100 per month, claiming a substantial change of his financial circumstances.

Thereafter, hearing dates on the motions were repeatedly continued. It appears the continuances were primarily attributable to discovery delays, although it is unclear if one party was chiefly responsible.

In December 1983 appellant moved for an order setting a date certain and directing the parties to furnish documents. The parties subsequently agreed to a date certain (February 10, 1984) and agreed to provide all discovery by January 25, 1984. On February 1, 1984, appellant's counsel withdrew. Appellant was ordered to obtain substitute counsel or present documentation of his efforts by February 3, 1984. Discovery was to be completed by February 3, 1984.

Appellant obtained counsel, and on February 10, 1984, the matter was continued to April 18, 1984, to allow the substituted counsel time to prepare. Discovery was to be exchanged by February 17, 1984. On April 3, 1984, appellant's substituted attorney filed a notice of withdrawal, apparently because his retainer was not paid.

Respondent claims to have fully complied with the voluminous discovery undertaken by the parties. Appellant photocopied several boxes of discovery documents at the office of respondent's counsel but moved them to his substituted counsel's office.

When his substituted counsel withdrew, appellant took possession of the documents but did not provide them to respondent.

On April 17, 1984, respondent filed a motion requesting that appellant's pleadings be stricken and respondent be granted a default judgment based upon appellant's failure to provide discovery. No affidavit of service appears in the district court file. Respondent's motion was heard in family court on April 18, 1984. Appellant appeared pro se and told the court the discovery documents were in his car. The court granted respondent's motion.

On appellant's motion for review by the district court, the family court's order was affirmed, and judgment was entered against appellant.

### ISSUES

Did the trial court abuse its discretion by striking appellant's pleadings and entering a default judgment for child support arrearages against appellant for failure to comply with discovery?

### DISCUSSION

Minnesota Rule of Civil Procedure 37 provides for imposition of sanctions against a party who fails to obey a discovery order. Rule 37.02(2) states in pertinent part:

> If a party * * * fails to obey an order to provide or permit discovery * * * the court in which the action is pending may make such orders in regard to the failure *as are just*, and among others the following:
>
> \*    \*    \*    \*    \*    \*
>
> (c) *An order striking out pleadings* or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, *or rendering a judgment by default* against the disobedient party * * *.

Minnesota Rule of Civil Procedure 6.04 requires that a written motion and notice thereof must be served no later than five days before the hearing. Respondent filed her motion to strike appellant's pleadings

and enter a default judgment on April 17, 1984, one day before the scheduled hearing. No affidavit of service appears in the district court file, and respondent admits it must be assumed that her motion was untimely.

■ Failure to comply with the Rule 6.04 notice requirement is not a jurisdictional defect but may be enforced if prejudice is shown. *See Bowman v. Pamida, Inc.*, 261 N.W.2d 594, 596 n. 1 (Minn.1977). Appellant argues that he was prejudiced, and we agree.

In *Housing and Redevelopment Authority of City of Saint Paul v. Kotlar*, 352 N.W.2d 497 (Minn.Ct.App.1984), this court said:

> Two policies come into conflict when the court faces a motion to dismiss on procedural grounds. On the one hand, "a broad measure of discretion must be left to trial judges to enforce calendar rules, to prevent unnecessary and inexcusable delays, and to promote the public interest in keeping court dockets free of stale claims." *Firoved v. General Motors Corp.*, 277 Minn. 278, 284, 152 N.W.2d 364, 369 (1967). On the other hand, "[a]n order of dismissal on procedural grounds runs counter to the primary objective of the law to dispose of cases on the merits." *Id.* at 283, 152 N.W.2d at 368.

*Id.* at 499.

■ The primary factor to be considered in a dismissal is the prejudice to the parties. *Id.* at 499. "The [moving party] has the burden of showing particular prejudice of such a character that some substantial right or advantage will be lost or endangered * * *." *Firoved*, 277 Minn., at 283–284, 152 N.W.2d at 368.

In *Beal v. Reinertson*, 298 Minn. 542, 215 N.W.2d 57 (1974), plaintiff, an attorney seeking damages for slander, refused to produce tax returns in response to a discovery request, despite an order of the court to do so. Nevertheless, the court refused to dismiss plaintiff's action because:

Defendants made no showing of particular prejudice in that some substantial right or advantage would be permanently lost by the failure to produce the returns. *The trial court could have fixed a deadline for plaintiff to produce the tax returns and provided that if he failed to do so the action would be dismissed.* * * * [I]n view of the age of the case, the *alternatives available,* and the failure of defendants to establish particular prejudice, the action taken was too drastic.

*Id.* at 544, 215 N.W.2d at 58–59 (emphasis added).

■ Had respondent been forced to proceed with the April 18 hearing without benefit of appellant's discovery material, she would have been severely and permanently prejudiced. However, the court could have avoided this prejudice to respondent by fixing a deadline for appellant to produce responsive discovery material and providing that if he failed to do so, appellant's motion to strike his pleadings and enter default judgment would be granted. Faced with a choice between prejudicing respondent or continuing the hearing yet another time, the court chose to grant respondent's motion immediately. This case had been delayed too long as a result of an apparent abuse of process, and the court's patience was understandably tried. However, in view of the untimeliness of respondent's notice, the alternatives available, and the severity of the sanction, the court's action was premature.

The existence of a clear warning by the trial court that dismissal or a similar sanction would automatically result if the party did not comply with a discovery deadline has been a significant factor in determining on appeal whether such a sanction was appropriate. *See, e.g., Kotlar* at 500; *Beal,* 298 Minn., at 544, 215 N.W.2d 59; *Kielsa v. St. John's Lutheran Hospital Association,* 287 Minn. 187, 192, 177 N.W.2d 420, 424 (1970). No such warning was given in this case. As a result, appellant, who appeared without counsel only after his second attorney withdrew, seemed not to fully comprehend the potential ramifications of his failure to produce discovery under the rules. Moreover, service of respondent's motion one day before the hearing did not provide appellant enough time to determine his position.

We vacate and remand to the trial court with instructions to order appellant to produce responsive discovery within a time period to be set by the trial court. Setting such a deadline will be an unequivocal posing of alternatives so appellant will have no reason to be confused, regardless of whether or not he is represented by counsel. While we recognize that respondent will be further inconvenienced by another delay, there is no indication in the record that she will suffer substantial or permanent prejudice by this action.

If appellant does not comply, we direct the court to strike his pleadings and enter a default judgment against him. In addition, this order vacating default judgment is conditioned upon payment by appellant of respondent's reasonable attorneys' fees for the April 18, 1984, and July 31, 1984, lower court hearings and the hearing before this court on July 3, 1985.

## DECISION

The trial court erred in striking appellant's pleadings and entering a default judgment against him for failure to comply with discovery without first setting a discovery deadline and clearly warning appellant of the consequences of failure to comply.

Vacated and remanded.