**In re the Marriage of Carol A. PETERS, Petitioner, Appellant,**

v.

**Thomas J. PETERS, Respondent.**

**No. C9–85–517.**

Court of Appeals of Minnesota.

Oct. 1, 1985.

Lynnel L. Jones, Minneapolis, for appellant.

John F. Bonner, Minneapolis, for respondent.

Heard, considered and decided by FOLEY, P.J., and FORSBERG and NIERENGARTEN, JJ.

## OPINION

FORSBERG, Judge.

This appeal is from an order confirming a referee's recommended order denying appellant's motion for an increase in child support. Respondent seeks review of the denial of his request for attorneys fees. We affirm.

## FACTS

Appellant Carol and respondent Thomas Peters were married in 1967 and divorced in 1977. Carol was granted custody of the twin boys, born in 1970. Thomas was ordered to pay child support of $100 per month per child. Both parties have remarried.

Carol brought a motion in May, 1984, for an increase in child support in accordance with the current circumstances of the parties. This motion was continued to allow the parties to conduct discovery.

A dispute arose over Carol's responses to discovery requests. This dispute centered on her failure to produce all checking and savings account records since the dissolution, and her failure to produce copies of checks since 1980 in an amount greater than $250. Finally, Thomas sought medical records relating to Carol's husband's medical disability.

The trial court originally rescheduled the modification motion pending Carol's compliance with the discovery order. Due to the failure to produce pre-1982 records, the modification motion was denied without prejudice. Carol renewed her motion, and moved to vacate the discovery order. Both motions were denied, the modification motion being denied again without prejudice.

Carol again renewed her motion for a modification of support. She furnished photocopies of her pre-1982 checking account statements. She contends that those records show only one check over $250, and that she has furnished respondent with a written authorization for him to obtain a copy.

Carol has submitted all account records and check copies requested dating from December, 1982. All records previous to that month were destroyed by her in the belief that she had no need of them since she had filed no tax returns for those years. Although these records could be

obtained from her bank, she submitted an affidavit from a bank officer estimating that 3 to 4 months and $500 in costs would be required. As to the medical records, the court required her to produce only the records in her possession, which she has done.

Carol's modification motion was denied on the grounds that she had not presented evidence of a substantial change in circumstances and had not complied with the discovery order regarding pre-1982 financial records. The referee denied Thomas' motion for costs and attorneys fees.

Carol sought review of the referee's recommended order. The trial court confirmed that order, and Carol appealed.

## ISSUES

1. Did the trial court err in denying the modification motion?

2. Did the court err in denying respondent's request for attorneys fees?

## ANALYSIS

### I.

Discovery is generally available in dissolutions as in other actions. *See, Christenson v. Christenson,* 281 Minn. 507, 511, 162 N.W.2d 194, 196–97 (Minn. 1968). A motion for increased child support may, in the discretion of the trial court, be determined based on affidavits, *Peterson v. Peterson,* 365 N.W.2d 315, 319 (Minn.Ct.App.1985), or following an evidentiary hearing. Discoverable information may be useful in counter-affidavits as well as in an evidentiary hearing.

The scope of discovery is broad, extending to all matter relevant to the subject matter involved in the action. Minn.R. Civ.P. 26.02(1). The checking account records and check copies sought by Thomas relate to the claimed increase in the needs of the children.

The trial court has broad discretion in determining matters related to discovery. *See Haynes v. Anderson,* 304 Minn. 185, 188, 232 N.W.2d 196, 199 (1975) (ordering physical or mental examination). There was no abuse of discretion in ordering the discovery of the financial information and records sought by Thomas.

Although Carol made some effort to comply with that order, her submissions were often untimely with respect to the trial court's orders. The affidavit of an officer of her bank stating the costs of compliance with the discovery order was not submitted before the deadline imposed by the court order. Despite the untimely and incomplete nature of her attempts to comply with the discovery order, Carol continued to renew her modification motions. There was no abuse of discretion in denying the motions.

We do not address the issue of whether a substantial change in circumstances was shown.

### II.

Thomas sought attorneys fees for defending the succession of modification motions. Although the trial court found that the repeated motions, without compliance with the discovery order, were "frivolous and abusive litigation," it did not award attorneys fees.

Minn.Stat. § 549.21 (1984) permits the recovery of attorneys fees if the other party "assert[s] a claim or defense knowing it to be frivolous * * * *." Given Carol's attempts to comply with the discovery order, her resubmissions of the modification motion were not so unjustified as to require an award of attorneys fees.

## DECISION

The trial court did not abuse its discretion in denying the motion for modification for failure to comply with a discovery order. There was no abuse of discretion in the denial of attorneys fees.

Affirmed.