In re the Marriage of Diane C. HOY-
LAND, f.k.a. Diane C. Kelly,
petitioner, Appellant,

v.

Richard Francis KELLY, Respondent.

No. CO–85–969.

Court of Appeals of Minnesota.

Dec. 17, 1985.

Review Denied Feb. 19, 1986.

Kenneth P. Griswold, Ruttenberg, Gris-
wold, Orren & Associates, St. Paul, for
appellant.

Robert C. Hoene, Robert C. Hoene, P.A.,
St. Paul, for respondent.

Heard, considered and decided by POPO-
VICH, C.J., and LESLIE and NIEREN-
GARTEN, JJ.

## OPINION

LESLIE, Judge.

This appeal is from an order that denied appellant's motion for an increase in child support because she failed to comply with discovery. Respondent requested discovery to verify statements made by appellant that there was a substantial change in circumstances. The family court judge, upon recommendation of the referee, denied appellant's motion for increased child support. Appellant moved for review of the referee's order, and the district court

confirmed that order in all relevant aspects. We reverse and remand.

## FACTS

Appellant Diane Hoyland and respondent Richard Kelly were divorced on August 22, 1973. Appellant was granted custody of the minor children, Courtney (now age 15) and Meagan (now age 13), subject to respondent's right of reasonable visitation. Respondent was ordered to pay $45 per week for the support of the two minor children until October 1983, at which time the amount increased to $50 per week. Respondent currently pays $50 per week.

In July 1977, appellant was remarried, and that marriage ended in divorce in July 1984. In August 1984, appellant sought to modify the decree of August 22, 1973, by requesting *inter alia* an increase in support payments and a wage withholding. Appellant submitted an affidavit with her motion setting forth total family expenses and expenses for each child. The affidavit listed her current monthly income and respondent's monthly income at the time of divorce. Respondent's affidavit listed his 1983 adjusted gross income and his current monthly living expenses. There was testimony concerning his current net income.

Respondent served on appellant a set of interrogatories and a demand for production of documents on October 15, 1984. Appellant failed to answer the interrogatories or the demand for production of documents within the required time and failed to object timely to the discovery requests. Appellant did object following the hearing on November 27, contending that interrogatories relating to assets such as the home, pension, and similar subjects were not relevant to the proceeding.

The referee of family court took the matter under advisement, and on December 21, 1984, entered an order requiring responses to the outstanding interrogatories and to the demand for production of documents within fifteen days of receipt of the order. The referee further required all arguments, affidavits, and other evidence to be submitted by January 11, 1985. The court made no mention of any sanctions to be imposed if appellant failed to comply.

On January 17, 1985, respondent submitted an affidavit requesting that appellant's motion be denied because no response to the interrogatories or to the demand for production of documents had been received. Pursuant to communications between the court and counsel on January 23, the court orally extended the time for responding to the interrogatories and demand for production of documents until January 28, 1985. Again, there was no mention by the judge of any sanctions. Appellant served and filed answers on January 28.

The court found, however, that appellant failed to answer the discovery requests completely, particularly with regard to certain financial information such as income tax returns for 1980 and 1981 and personal and business checking account statements and registers for 1983 and 1984. In addition, the court found discrepancies in appellant's accounts of her monthly income and expenses, which prevented specific findings as to her actual income and expenses and as to the needs of her children. Furthermore, the court found that appellant failed to sustain her burden of proof establishing the necessity for an increase in child support.

On February 13, 1985, the family court judge, upon recommendation of the referee, entered an order denying appellant's motion. Appellant sought review of the referee's order. Upon review, the trial court modified the referee's order to provide for wage withholding but otherwise confirmed the referee's report and order.

## ISSUE

Did the trial court err in denying appellant's motion for modification of child support?

## ANALYSIS

A motion for increased child support may be determined, in the discretion of the trial court, on the basis of affidavits or follow-

ing an evidentiary hearing. *Peters v. Peters*, 374 N.W.2d 335, 337 (Minn.Ct.App. 1985). The scope of discovery is broad, extending to all matters relevant to the subject matter in the pending action. Minn.R.Civ.P. 26.02(1). The trial court has broad discretion in determining what is discoverable. *Peters*, 374 N.W.2d at 337. Minnesota Rule of Civil Procedure 37 provides for imposition of sanctions against a party who fails to comply with a discovery request. Rule 37.02(2) states in pertinent part as follows:

> If a party * * * fails to obey an order to provide or permit discovery, * * * the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
>
>     *    *    *    *    *    *
>
> (c) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;
>
>     *    *    *    *    *    *

Minn.R.Civ.P. 37.02(2).

■ Appellant failed to comply with numerous discovery requests. The interrogatories and demand for production of documents were not answered timely, and appellant failed to object to them until after the hearing. In addition, appellant failed to comply with the court's order dated December 21, 1984, directing appellant to answer the interrogatories within fifteen days. Although the court extended the time for appellant to answer, the court found that the answers, then filed timely, were not complete. Specifically, appellant failed to include income tax returns for 1980 and 1981 and personal and business checking account statements and registers for 1983 and 1984, all of which relate to the claimed increase in the needs of the children. There was no abuse of discretion in ordering the discovery of this financial information.

■ When determining whether dismissal was an appropriate sanction, Minnesota appellate courts have placed great weight on the existence of a clear warning by the trial court that such a sanction would automatically result if the party failed to comply with a discovery deadline. *See Beal v. Reinertson*, 298 Minn. 542, 215 N.W.2d 57 (1974) (dismissal for failure to produce tax returns inappropriate where trial court failed to warn of sanction); *Kielsa v. St. John's Lutheran Hospital Association*, 287 Minn. 187, 177 N.W.2d 420 (1970) (dismissal for failure to respond to discovery appropriate where there was an express warning by trial court of automatic dismissal for noncompliance).

This court recently required an explicit warning in *Sudheimer v. Sudheimer*, 372 N.W.2d 792 (Minn.Ct.App.1985). In that case, respondent sought judgment against appellant for child support arrearages. After several continuances had been granted and after appellant failed to provide documents to respondent, respondent filed a motion requesting that appellant's pleadings be stricken and that respondent be granted a default judgment based upon appellant's failure to provide discovery. The trial court granted respondent's motion. *Id.* at 794. The court of appeals vacated the trial court's order and remanded with instructions to order appellant to produce responsive discovery within a time period set by the trial court and to enter a default judgment if he failed to comply. *Id.* at 795. This court reasoned that although respondent would have been prejudiced if forced to proceed with the hearing without the benefit of appellant's discovery material, the court could have avoided this prejudice with a less severe sanction through the use of a deadline accompanied by a warning. *Id.*

In this case, the trial court gave no warning that appellant's motion would be denied. The court, in its order of December 21, ordered appellant to answer the interrogatories within fifteen days but did not mention the issuance of a sanction for noncompliance. Furthermore, although appellant's failure to comply with the court's

orders delayed the entire proceeding and inconvenienced respondent and his counsel, there is no indication in the record that respondent would have suffered imminent or permanent harm by another short delay. *Cf. Housing and Redevelopment Authority of City of St. Paul v. Kotlar,* 352 N.W.2d 497 (Minn.Ct.App.1984) (dismissal appropriate where plaintiff ignored trial court's deadline to produce documents and defense showed particular prejudice). The record also contains no indication that appellant's failure to comply with discovery was willful. *Cf. Breza v. Schmitz,* 311 Minn. 236, 248 N.W.2d 921 (1976) (dismissal as sanction affirmed where plaintiff willfully and without justification or excuse refused to comply with discovery orders). It appears that some of the delays resulted from counsel's vacation and some from appellant's job as an airline stewardess, which kept her out of the jurisdiction for a period of time.

Respondent argues that a recent case decided by this court, *Peters,* 374 N.W.2d 335, is directly on point with this case. We find *Peters* to be distinguishable, however. In that case, appellant repeatedly failed to comply with the discovery order, yet she continued to renew her motions for modification of child support. The trial court determined that her repeated motions without compliance with the discovery order constituted "frivolous and abusive litigation." *Id.* at 337. The court of appeals held that the trial court did not abuse its discretion in denying the motion for modification for failure to comply with the discovery order. *Id.*

In this case, appellant's motion for modification is the first motion she has made since the divorce in 1973. Although appellant's submissions were often untimely, the trial court did not find that her claim was frivolous or that she abused the judicial process. Consequently, with no warning by the trial court as to sanctions for noncompliance, we hold that the trial court erred in denying the motion for modification.

Appellant requests that this court examine the record and make a finding that there was sufficient evidence of a change in circumstances under Minn.Stat. § 518.-64, subd. 2 (1984). We are not a fact-finding court, however. This court, upon review of a motion for child support modification, has repeatedly remanded for further proceedings if the trial record is sparse or if the trial court failed to make sufficient findings. *See Haiman v. Haiman,* 363 N.W.2d 335 (Minn.Ct.App.1985); *Hadrava v. Hadrava,* 357 N.W.2d 376 (Minn.Ct.App. 1984). The trial court in this case failed to make findings as to the present income and expenses of each party, the needs of the children, and whether any changes since the time of dissolution make the original order unfair.

We therefore reverse and remand to the trial court with instructions to order appellant to produce the requested discovery within a time period to be set by the trial court. If appellant fails to comply, we direct the trial court to dismiss the action. If appellant does comply, we direct the trial court to make findings pursuant to Minn. Stat. § 518.64, subd. 2 to determine whether appellant has shown a substantial change of circumstances requiring an increase in child support.

### DECISION

The trial court erred in denying appellant's motion for modification for failure to comply with discovery.

Reversed and remanded.