**James A. JADWIN, Mary Jo Jadwin, Respondents,**

v.

**CITY OF DAYTON, et al., Appellants,**

**and**

**Earl Dehn, Defendant.**

**No. C3–85–1436.**

Court of Appeals of Minnesota.

Dec. 24, 1985.

Marshall H. Tanick, Richard J. White, Tanick & Heins, Minneapolis, for respondents.

George C. Hoff, Hoff & Allen, P.A., Eden Prairie, for appellants.

Heard, considered and decided by FOLEY, P.J., and SEDGWICK and LANSING, JJ.

## OPINION

LANSING, Judge.

This appeal is from a default judgment in favor of respondents James and Mary Jo Jadwin. The trial court struck appellants' answer and entered judgment for respondents under Minn.R.Civ.P. 37.02. We reverse.

## FACTS

James and Mary Jo Jadwin sued the City of Dayton, its mayor, and its council members (in both their official and individual capacities) in Hennepin County District Court. The suit arose when the city denied the Jadwins' application to rezone their property from "agricultural" to "special agricultural."

Of 17 applications for rezoning, the Jadwins' was the only one denied. They claim the city denied their application on the basis that their farming income was insufficient in comparison to other income. They assert that they were the only applicants whose farming and non-farming incomes

were compared and that the city's action was arbitrary and capricious. They also allege equal protection and due process violations under the Minnesota and United States Constitutions.

The Jadwins served requests for production of documents on the city, Hilmer Hartman (the mayor), and Earl Dehn (a council member) on October 13, 1984. The request to the city sought any records it possessed showing income information submitted by all applicants for rezoning to "special agricultural." The requests to Dehn and Hartman sought information on income they personally derived from property which had been rezoned "special agricultural" and also their income from other sources.

The city responded to the request on November 30, 1984, stating it did not have any of the requested information. Neither Dehn nor Hartman replied.

On February 22, 1985, the Jadwins moved for an order compelling discovery. The trial court granted the motion on April 5, 1985. Hartman and Dehn were ordered to respond to the requests within 20 days. The city was not named in the order. The order mentions no potential sanctions for non-compliance.

On May 9, 1985, with still no response, the Jadwins moved for sanctions under Minn.R.Civ.P. 37.02. After the Jadwins' motion, but before the hearing, Hartman produced his income tax forms. Dehn has consistently refused to produce any information.

After a hearing on the motion, the trial court ordered that defendants' answer be stricken and enjoined defendants from denying the Jadwins' application for rezoning. The court awarded costs and attorney's fees to the Jadwins. In addition, the court dismissed the action against the defendants in their individual capacities for failure to state a claim upon which relief can be granted. Final judgment was entered on July 12, 1985.

The defendants appeal the default judgment. They argue that the trial court's action was an abuse of discretion.

## ISSUE

Did the trial court abuse its discretion by striking defendants' answer and entering default judgment against all defendants?

## ANALYSIS

Minnesota Rule of Civil Procedure 37.02 authorizes the imposition of sanctions for failure to comply with a discovery order. The rule provides:

> If a party * * * fails to obey an order to provide or permit discovery * * * the court in which the action is pending may make such orders in regard to the failure as are just, [including]:
>
> *    *    *    *    *    *
>
> (c) An order striking out pleadings * * * or rendering a judgment by default against the disobedient party * * *.

Minn.R.Civ.P. 37.02(2)(c).

When the trial court considers a motion to dismiss on procedural grounds, two competing policies must be considered:

> On the one hand, "a broad measure of discretion must be left to trial judges to enforce calendar rules, to prevent unnecessary and inexcusable delays, and to promote the public interest in keeping court dockets free of stale claims." * * On the other hand, "[a]n order of dismissal on procedural grounds runs counter to the primary objective of the law to dispose of cases on the merits."

*Housing and Redevelopment Authority of Saint Paul v. Kotlar*, 352 N.W.2d 497, 499 (Minn.Ct.App.1984) (quoting *Firoved v. General Motors Corp.*, 277 Minn. 278, 283–84, 152 N.W.2d 364, 368–69 (1967)). These policies are equally applicable to a motion for default judgment pursuant to Rule 37.-02(2)(c).

Minnesota case law emphasizes two elements that an order compelling discovery should contain: (1) a date certain by which compliance is required, and (2) a warning of potential sanctions for non-compliance. *See, e.g., Beal v. Reinertson*, 298 Minn. 542, 215 N.W.2d 57 (1974); *Kielsa v. St. John's Lutheran Hospital Association*,

287 Minn. 187, 177 N.W.2d 420 (1970); *Bio-Line, Inc. v. Wilfley,* 365 N.W.2d 338 (Minn.Ct.App.1985), *pet. for rev. denied,* (Minn. June 27, 1985).

In *Sudheimer v. Sudheimer,* 372 N.W.2d 792 (Minn.Ct.App.1985), this court held these elements to be necessary before pleadings may be stricken:

> The trial court erred in striking appellant's pleadings and entering a default judgment against him for failure to comply with discovery without first setting a discovery deadline and clearly warning appellant of the consequences of failure to comply.

*Id.* at 795.

In the case before us the order mandates compliance within a specific time period. It does not, however, warn of potential sanctions.

Case law also emphasizes that the moving party must show prejudice to justify imposition of such a harsh sanction. For example, the court in *Kotlar* stated:

> Having shown both prejudice to the defense and failure to produce by a court-ordered deadline, the trial court was within its discretion to dismiss this case.

352 N.W.2d at 500. *Cf. Beal v. Reinertson,* 298 Minn. at 544, 215 N.W.2d at 58–59 (dismissal reversed because no prejudice shown by moving party).

Respondents have made no showing of prejudice because of the actions of the city. The city responded to the document request five months before the dismissal. The information sought from Hartman was provided before the dismissal. Only the request for financial documents from Dehn remains unsatisfied. There has been no showing that the failure to provide this information would substantially prejudice the Jadwins' claim.

█ Furthermore, Rule 37.02 provides that default judgment may be entered against "the disobedient party." The city responded to the request and was not named in the order compelling discovery. The city therefore is not a disobedient party within the meaning of the rule. The city, however, is the only party affected by the trial court's entry of default judgment because the court dismissed the action against the officials in their individual capacities.

█ The trial court justified entry of default judgment against the city by applying agency principles. The court viewed Dehn's actions as within the scope of his official duties as an agent of the city. However, the discovery request sought personal income information. Additionally, Dehn's term as a council member ended on December 31, 1984. The court order and Dehn's failure to comply occurred after that date. Thus, imposition of this sanction cannot be justified by agency principles.

### DECISION

The trial court abused its discretion by striking defendants' answer and entering default judgment against all defendants. Consequently, items numbered 1, 3, 4 and 5 in the trial court's order of June 10, 1985, are reversed and vacated. Defendants' answer is reinstated and the matter should proceed to trial. Those portions of the order which were not appealed, including assessment of the Jadwins' attorney's fees, costs, and disbursements, remain in force.

Reversed and remanded for trial.