RUSSELL C. FIROVED v. GENERAL MOTORS
CORPORATION AND ANOTHER.

152 N. W. (2d) 364.

July 21, 1967—No. 40,839.

---

*Paul J. Louisell,* for appellant.

*Sullivan, McMillan, Hanft & Hastings* and *Edward T. Fride,* for respondent General Motors.

*Reavill, Neimeyer, Johnson & Killen* and *John J. Killen, Jr.,* for respondent Economy Motors.

ROGOSHESKE, JUSTICE.

The question we are required to answer on this appeal is whether the trial court erred in dismissing plaintiff's cause of action with prejudice for "want of prosecution" immediately following denial of plaintiff's motion to dismiss without prejudice and refusal of plaintiff's counsel to proceed to trial as directed.

On November 6, 1962, plaintiff, a 49-year-old truckdriver then residing in North Dakota, sustained serious personal injuries when a 1962 General Motors diesel tractor and trailer driven by him went out of control on Highway No. 52 near Kenmore, North Dakota. On April 15, 1963, he consulted an attorney recently admitted to practice in North Dakota in 1961 for legal assistance. One month later the North Dakota lawyer associated John S. Kelly, a Minnesota lawyer then practicing in Crookston, to prosecute plaintiff's claim in Minnesota courts. On March 17, 1964, Kelly died suddenly, the victim of an automobile accident. His widow retained her husband's friend, Francis X. Ryan of the firm of Ryan, Kain, Mangan, Westphal & Kressel of Minneapolis, to probate his estate and referred decedent's legal files to Mr. Ryan, who, on May 15, 1964, assigned plaintiff's claim to Edward Hoffman of that firm. On October 15, 1964, plaintiff, represented on the pleadings solely by Hoffman and his firm,[1] commenced this action for substantial damages, alleging that plaintiff was permanently disabled as a result of the negligence and

---

[1] Under date of July 29, 1965, the North Dakota lawyer filed a notice that he was associated with counsel as plaintiff's attorney.

breach of warranty of defendants, the manufacturer and seller of the truck. Thereafter, interrogatories were exchanged, each party's counsel claiming difficulties in securing prompt answers. Because of the nonappearance of plaintiff and his counsel at the deposition of plaintiff, first noted for March 15, 1965, and again for June 16, 1965, and also for failure to respond to interrogatories, defendants found it necessary to seek the aid of the court pursuant to Rule 37.01, et seq., Rules of Civil Procedure. After hearing, at which the North Dakota lawyer appeared for plaintiff, the court, on June 30, 1965, by "bench order" compelled plaintiff's appearance and answers and the payment of $100 as attorney's fees and $14.20 expenses under penalty of dismissal of the action. Plaintiff's deposition was finally taken on August 2, 1965. The file indicates that defendant General Motors returned supplemental answers to plaintiff's interrogatories on January 19, 1966, finally disclosing the identity of a mechanical engineer who had been retained to examine the truck and who had examined it on November 16, 1965. However, defendant refused to disclose the tests made or the findings of the engineer.

Plaintiff's action was first noticed for trial at the January 1965 term[2] but, at defendant Economy Motors' request, it was continued. It was subsequently continued over the April 1965 term by mutual agreement and again over the September 1965 term at the request of attorney Hoffman to permit him to complete his preparation for trial.

On October 25, 1965, for undisclosed reasons, Hoffman for the Ryan firm withdrew as counsel without, as plaintiff's North Dakota counsel claims, any prior notice to him.

At the calendar call of the November 1965 term, plaintiff's North Dakota lawyer, because of Hoffman's withdrawal, obtained defense counsel's consent to a continuance to the January 1966 term upon defense counsel's understanding that the North Dakota lawyer would obtain Minnesota counsel and would complete all pretrial preparation in order that the case could be tried shortly after the term opened on January 3. Thereupon, plaintiff's counsel, who, in his words, "never tried a lawsuit outside

---

[2] St. Louis County has four terms of court each year: The first Monday after the first day in January, first Monday in April, first Tuesday after the first Monday in September, and first Monday in November. Minn. St. 484.14.

of the State of North Dakota and was unfamiliar with procedure for making contact with attorneys specializing in tort action work in behalf of plaintiffs," [3] undertook to secure local counsel "to take over for Mr. Hoffman." He wrote the "Continuing Legal Education Division of the University of Minnesota" and was "furnished with a manual of names." He contacted John Spellacy, Jr., of Marble, who referred him to Robert P. Nolan of Duluth, but neither was able to accept the case. However, Mr. Nolan had Charles Barnes of his firm appear with him at the calendar call on January 3 before Judge Underhill and orally move for a continuance, which was denied. The case was then set for trial for a day certain on January 24, 1966. On January 3, a short time before calendar call, plaintiff's North Dakota attorney, as a result of a telephone call to a deputy clerk of court some days previously, "requested" the action "be dismissed without prejudice due to the withdrawal of Minnesota counsel" by a writing filed with the clerk, copies of which were mailed to defense counsel. The court was aware of this attempt to dismiss of right but was not asked to rule on its effectiveness under Rule 41.01, presumably because it was obviously not filed "10 days before the opening of the term" as required by the rule.

Following this court appearance, plaintiff's counsel was referred to attorney Paul Louisell, who, after he had "examined the file," concluded on about January 17 that plaintiff had "a meritorious cause of action" but that trial preparation was incomplete due to the unavailability of "necessary witnesses" and the inadequacy of discovery procedures employed by plaintiff's previous counsel. He agreed to represent plaintiff and, on January 18, notified defense counsel of his intention to move for a dismissal without prejudice. This motion and supporting affidavits were served on January 19, returnable on January 24, the date the case was set for trial. On that day, with the jury waiting, the court heard extended arguments on plaintiff's motion. Mr. Louisell emphasized plaintiff's predicament in having engaged out-of-state counsel who was neither

---

[3] First acknowledged in his affidavit dated January 19, 1966, and filed in support of plaintiff's motion to dismiss without prejudice. The record also suggests that his age belied the date he was admitted to practice and his lack of professional experience.

admitted to practice in Minnesota nor able to try the case; the unexpected withdrawal of Minnesota counsel; that plaintiff was unable to try the case without further time to prepare; that defendants would not be prejudiced by further delay; and that necessary witnesses who had driven the truck prior to the accident, including plaintiff's employer, were unavailable.[4] Defense counsel, emphasizing their agreement with plaintiff's attorney that the case would be tried in early January, their lack of any prior knowledge of his claim that he was incompetent to handle the case, their belief that the witnesses referred to could not be found, and their compliance with all discovery procedures employed by plaintiff's counsel, insisted on going forward with the trial. Other than the prejudice inherent in the delay, no specific claims of prejudice were asserted by defendants.

The trial judge, apparently doubting that the out-of-state attorney was both unable to try plaintiff's case and insufficiently prepared to do so, and indicating his awareness of the disruptive effect that last-minute delays have on the enforcement of calendar rules, denied plaintiff's motion to dismiss without prejudice. Thereupon, the court directed plaintiff's counsel to proceed with trial. A recess to permit plaintiff's counsel to confer was granted, following which Mr. Louisell informed the court that the North Dakota attorney, "who has never tried a court case, advises me that he can't try the case," and announced that "we abandon the case now." Defendants immediately joined in a motion to dismiss with prejudice "on the grounds of failure to prosecute and to comply with the rules and the order of this court," and the court granted the motion "for want of prosecution."

Although we readily acknowledge that the trial court under the exigencies prevailing at the time was confronted with an extremely close and difficult decision, we are persuaded that under the particular circumstances shown the action taken was too drastic.

Under our rules,[5] whether a plaintiff's cause of action should be dis-

---

[4] Although plaintiff's North Dakota attorney had signed a withdrawal as counsel dated January 18, 1966, the record indicates that he appeared with Mr. Louisell on behalf of plaintiff at this hearing.

[5] Rules 41.01(2) and 41.02, Rules of Civil Procedure.

missed by order of the court before trial on procedural grounds is to be decided by the trial court in the exercise of its discretionary authority. The decision necessarily depends upon circumstances peculiar to each case, considered with reference to the right of the parties to the action to a "just, speedy, and inexpensive" [6] disposition of the case and the policy underlying the dismissal rules of preventing harassment and unreasonable delays in litigation.[7]

An order of dismissal on procedural grounds runs counter to the primary objective of the law to dispose of cases on the merits. Since a dismissal with prejudice operates as an adjudication on the merits, it is the most punitive sanction which can be imposed for noncompliance with the rules or order of the court or for failure to prosecute. It should therefore be granted only under exceptional circumstances.[8] The primary factor to be considered in determining whether to grant a dismissal with or without prejudice is the prejudicial effect of the order upon the parties to the action, although under extraordinary circumstances a dismissal with prejudice might be justified even though no prejudice to defendant is shown. Obviously, the prejudice to plaintiff of such a dismissal is certain and usually permanent. As to defendant, the ordinary expense and inconvenience of preparation and readiness for trial, which can be adequately compensated by the allowance of costs, attorney's fees, or the imposition of other reasonable conditions, are not prejudice of the character which would justify either a refusal to permit plaintiff to dismiss without prejudice or a dismissal with prejudice.[9] The defense has the burden of showing particular prejudice of such a character that some

---

[6] Rule 1.

[7] 2B Barron & Holtzoff, Federal Practice and Procedure (Rules ed.) § 918.

[8] In 2B Barron & Holtzoff, Federal Practice and Procedure (Rules ed.) § 917, pocket part, it is stated: "* * * [A] host of cases evidence the reluctance of the courts to bar a party from trial on the merits of his claim because of the errors of his legal representatives. In such situations * * * the courts frequently have found less drastic sanctions, such as dismissal without prejudice, putting the case at the foot of the calendar, or assessing a sum against the delinquent attorney, which will vindicate the purposes of the rules without being unduly harsh on the party himself."

[9] 27 C. J. S., Dismissal and Nonsuit, § 26.

substantial right or advantage will be lost or endangered if plaintiff is permitted to dismiss and reinstitute the action. Such prejudice should not be presumed nor inferred from the mere fact of delay.

In addition to the prejudicial effect of a dismissal upon the parties, the factors of the amount of delay and the reasons therefor must be considered. In these times of overcrowded court calendars, excessive and inexcusable delays in the disposition of a case seriously affect the disposition of other cases ready for trial and, in many other ways, disrupt the fair administration of justice.[10] Thus a broad measure of discretion must be left to trial judges to enforce calendar rules, to prevent unnecessary and inexcusable delays, and to promote the public interest in keeping court dockets free of stale claims. Despite our firm intention to encourage and uphold dismissals in furtherance of this policy, we must be mindful that the policy which seeks to dispose of litigation on the merits rather than procedural grounds is, except in extraordinary circumstances, of overriding importance.

Applying these general principles to the facts before us, it is apparent that the operative effect of the dismissal ordered results in extreme prejudice to plaintiff against merely the prejudice of inconvenience and added expense occasioned by delay to defendants. Defendants made no attempt to establish that some substantive right or advantage would be lost or imperiled by granting plaintiff's motion or resetting the date of trial. Neither does it appear that defendants could not have been adequately compensated for the tangible prejudice suffered by the allowance of costs as a condition of granting plaintiff's motion or postponing trial. To be sure, defendants are entitled to the weight of the policy which seeks to prevent unreasonable delays even in the absence of a showing of particular prejudice. However, the extent of and reasons for the delay in this case are not such as would justify visiting the extreme consequences of the dismissal ordered upon plaintiff.[11] Responsibility for such delays as

---

[10] Bardin v. Mondon (2 Cir.) 298 F. (2d) 235.

[11] Delays more extensive than in this case have been held not to justify a dismissal with prejudice. Sykes v. United States (9 Cir.) 290 F. (2d) 555 (7 months); Rankin v. Shayne Brothers, Inc. 108 App. D. C. 47, 280 F. (2d) 55 (3 years 4 months); Peardon v. Chapman (3 Cir.) 169 F. (2d) 909

can be charged to plaintiff were not caused by his personal neglect but by the neglect and delinquencies of his counsel. Moreover, the reason for the delays caused by plaintiff's out-of-state attorney were neither fully apparent nor disclosed until shortly before the day the case was set for trial. From the time of Mr. Hoffman's withdrawal until that time, the North Dakota attorney's representation of plaintiff amounted to scarcely more than acting as an agent to find Minnesota trial counsel. We believe that setting out the details of what occurred is adequate to illustrate the reasons for our reluctance to bar plaintiff from a trial on the merits for the delinquencies of his chosen attorney.[12]

The details also demonstrate the frustration which the trial court must have experienced when confronted with an attorney's admission of incompetence on the day of the trial and his refusal to proceed with the trial. While Mr. Louisell's brief and conditional association with the case understandably justified his refusal to proceed, the refusal of plaintiff's out-of-state attorney rather naturally triggered the granting of defendants' motion for dismissal with prejudice. We believe that it is more accurate to view the basis therefor as a refusal to proceed as directed rather than as a failure to prosecute.[13] Inasmuch as the court did permit repeated continuances of the case until the January term, it would be inaccurate to label what occurred as a lack of prosecution.[14] Although we conclude that the court erred in ordering a dismissal with prejudice, we do not thereby indicate any lessening in our intention to uphold the discretionary authority of the trial court to grant dismissals for failure to comply

(9 months); Daley v. County of Butte, 227 Cal. App. (2d) 380, 38 Cal. Rptr. 693 (almost 2 years); Johnson v. Westland Theatres, Inc. 117 Colo. 346, 187 P. (2d) 932 (3 years 2 months); Escoett v. Aldecress Country Club, 26 N. J. 160, 138 A. (2d) 836 (7 months); Manson v. First Nat. Bank, 366 Pa. 211, 77 A. (2d) 399 (10 years).

[12] In extreme situations, clients have been held not to be responsible for delinquencies of their counsel which cause delay. See, e. g., Daley v. County of Butte, 227 Cal. App. (2d) 380, 38 Cal. Rptr. 693.

[13] Bardin v. Mondon (2 Cir.) 298 F. (2d) 235.

[14] See, Nyberg v. Cambridge State Bank, 245 Minn. 312, 72 N. W. (2d) 345.

with court rules or orders. However, in this case we believe the purpose of the rules would have been best served by granting plaintiff's motion upon appropriate conditions. Accordingly, we reverse with directions to enter a dismissal of plaintiff's action without prejudice, granting leave to defendants to apply to the court for an allowance of costs and attorney's fees necessarily incurred in preparing for trial on January 24, 1966.

Pursuant to Minn. St. 607.01, no costs or disbursements to plaintiff are allowed on this appeal.

Reversed with directions.