**STATE of Minnesota, DEPARTMENT OF PUBLIC SAFETY, Petitioner, Respondent,**

v.

**Gene David JOHNSON, Appellant.**

**No. C1–84–744.**

Court of Appeals of Minnesota.

Oct. 16, 1984.

Hubert H. Humphrey, III, State Atty. Gen., Linda F. Close, Joel A. Watne, Sp. Asst. Attys. Gen., St. Paul, for respondent.

Eugene D. Mailander, Slayton, for appellant.

Considered and decided by POPOVICH, C.J., and SEDGWICK and LANSING, JJ., with oral argument waived.

## OPINION

SEDGWICK, Judge.

Appellant Gene Johnson appeals from an order sustaining the revocation of appellant's driver's license, and denying his motion to dismiss the case for failure to prosecute for four and one-half years. We affirm.

## FACTS

On May 16, 1978, appellant was arrested and charged with a DWI violation in Murray County. He refused to submit to chemical testing and his refusal was certified to the Commissioner of Public Safety.

Thereafter, he received notice of the proposed revocation of his driving privileges. On July 28, 1978, he requested a hearing. The Commissioner of Public Safety then filed a petition with the county court requesting a date be set. A hearing was scheduled for January 3, 1979, but was cancelled because the clerk failed to notify the appellant and his attorney. In May 1979, the Commissioner again requested a hearing be scheduled, but no hearing was scheduled. After requesting a third time, in August 1982, the clerk of court scheduled a hearing for September 23, 1982.

The trial court sustained the revocation of appellant's driver's license, but a three-judge appellate panel of the district court reversed and remanded for a new hearing.

Following another hearing on October 25, 1983, the trial court again sustained the revocation and denied appellant's motion to dismiss for failure to prosecute.

Appellant moved for an amended order to dismiss based on the delay. This was denied, and appellant appeals.

## ISSUE

Did the trial court abuse its discretion in denying appellant's motion to dismiss for failure to prosecute?

## ANALYSIS

■ In considering whether the trial court abused its discretion in denying appellant's motion to dismiss, the moving party in implied consent proceedings is irrelevant. The record shows that neither party accelerated the resolution of this case. Appellant did nothing other than file a request for a hearing. The Commissioner requested hearings when it filed the original petition, in May 1979, and again in August 1982.

Apparently the clerk of the trial court cancelled the originally scheduled hearing and failed to reschedule a hearing until September 1982. The trial court found this delay was caused by clerical error rather than through the fault of the Commissioner.

■ Dismissals based on delay may be granted by the trial court under Rule 41.02 of the Minnesota Rules of Civil Procedure, if the delay demonstrably prejudices the moving party and if the delay was unreasonable and inexcusable. *Firoved v. General Motors Corp.*, 277 Minn. 278, 152 N.W.2d 364 (1967). The trial court found no prejudice to appellant. This finding is not clearly erroneous. Minn.R.Civ.P. 52.01. Indeed, appellant retained his driver's license throughout the long delay.

■ Appellant's argument, that he is prejudiced by the fact that he has been charged with similar violations since the 1978 incident which may result in more severe sanctions if this revocation is sustained, is incredible. We do not look favorably on a theory that because of further violations of our DWI law, appellant's current DWI violation should be dismissed.

■ Appellant also contends no valid purpose is served in revoking his license now since our DWI laws are aimed at swift resolutions. This is undoubtedly true but it does not follow that the passing of time erodes the purpose of the law in establishing consequences for refusing to take a lawfully demanded chemical test. Strong public policy favors the certainty of the imposition of sanctions, even in the face of protracted delay.

Citing *Firoved* appellant contends that under extraordinary circumstances, a dismissal might be justified even though no prejudice is shown. He argues that in an implied consent hearing the Commissioner is seeking a remedy in the nature of an injunction and that these facts warrant dismissal without a showing of actual prejudice.

■ We do not agree. In an implied consent hearing the Commissioner is de-

fending an administrative decision; the Commissioner is not seeking the relief of an "injunction."

■ Appellant's circumstances are not extraordinary in the context of *Firoved*.

■ We do not approve of the delay that occurred here. The public interest is not served by keeping stale cases on the court dockets. However, we believe the trial court did not abuse its discretion in refusing to dismiss the action, even though a substantial delay occurred.

## DECISION

The order of the trial court denying appellant's motion to dismiss for failure to prosecute is affirmed.

Affirmed.