**Steve KEEFE, Commissioner, Department of Labor & Industry, State of Minnesota, Respondent,**

v.

**CARGILL, INC., Relator.**

Nos. C4–85–2160, CX–86–682.

Court of Appeals of Minnesota.

Sept. 30, 1986.

Review Denied Nov. 26, 1986.

Robert L. Hobbins, Jane M. Sullivan, Dorsey & Whitney, Minneapolis, for relator.

Hubert H. Humphrey, III, State Atty. Gen., Louis Hoffman, Spec. Asst. Atty. Gen., St. Paul, Catherine E. Avina, Minneapolis, for respondent.

Heard, considered and decided by SEDGWICK, P.J., and FORSBERG and LESLIE, JJ.

## OPINION

SEDGWICK, Judge.

In May and July 1985, the Commissioner of the Minnesota Department of Labor and Industry issued citations against Cargill, Inc., alleging violations of the Minnesota

Occupational Safety and Health Act. Cargill commenced proceedings to challenge those citations by filing Notices of Contest, but the proceedings were subsequently dismissed by separate orders of the Minnesota Occupational Safety and Health Review Board due to Cargill's violation of certain department rules. Cargill appealed from both orders, and we consolidated the appeals. We reverse both orders and remand for further proceedings.

## FACTS

In May 1985, a river warehousing facility operated by a wholly-owned subsidiary of Cargill was cited by the Commissioner of the Minnesota Department of Labor and Industry ("Commissioner") for alleged violations of the Minnesota Occupational Safety and Health Act ("Act"). Cargill filed a timely Notice of Contest, and the Minnesota Occupational Safety and Health Review Board ("Review Board") thereupon forwarded to Cargill an acknowledgment of the Notice of Contest, along with certain documents to be used in notifying Cargill employees of the proceedings. When Cargill did not timely certify the posting and/or service of the Notice of Contest as required by department rule, the Review Board dismissed Cargill's Notice of Contest. Cargill's request for reinstatement was denied, and Cargill appealed to this court.

In July 1985, the Commissioner again cited Cargill for allegedly violating the Act. When Cargill filed a timely Notice of Contest, the Commissioner filed a complaint with the Review Board, setting forth alleged violations and proposed penalties. Cargill failed to file an answer within the time required by department rule, and the Review Board thereupon dismissed Cargill's Notice of Contest. Cargill requested that the Review Board rescind its order, claiming that an answer had in fact been timely mailed. When the Board did not respond to this request, Cargill filed a request to reinstate its Notice of Contest. The Review Board again denied Cargill's request, and Cargill appealed.

## ISSUES

1. Did the Review Board improperly dismiss Cargill's Notice of Contest for failure to timely post or serve the appropriate documents?

2. Did the Review Board have the authority to dismiss Cargill's Notice of Contest for failure to file a timely answer?

## ANALYSIS

■ 1. Minn.Stat. § 182.658 (1984) authorizes the issuance of department rules requiring that employers, by posting notices or by other appropriate means, keep their employees informed of their protections and obligations under the Minnesota Occupational Safety and Health Act. The legislature has expressly established the penalty to be imposed for violation of these posting requirements:

> Any employer who violates any of the posting requirements, as prescribed under this chapter, shall be assessed a fine of up to $1,000 for each violation.

Minn.Stat. § 182.666, subd. 5 (1984).

Despite the above language, however, the department has adopted rules providing for dismissal of an employer's Notice of Contest if the employer does not timely certify posting or service. Minn.R. 5215.-0710, subpt. 1; 5215.0720, subpt. 1 (1985).

A department rule is valid and binding only if it is within the power granted by the legislature. *State by Spannaus v. Hopf,* 323 N.W.2d 746, 752 (Minn.1982). Here the department, in promulgating a rule which provides for dismissal of Cargill's Notice of Contest, has clearly acted outside the scope of its authority—blatantly ignoring the legislative directive that assessment of a fine, and not dismissal, is a proper remedy. The department rule is therefore invalid.

■ 2. Cargill also challenges the following department rule:

> Within 15 days after service of the complaint, the party against whom the complaint was issued [here Cargill] shall file an answer with the board.

\* \* \* \* \* \*

If an answer is not filed with the executive secretary in a timely manner, the notice of contest shall be dismissed.

Minn.R. 5215.2000, subpt. 3 (1985). Cargill claims that this rule also exceeds the department's statutory authority, and therefore the Review Board's dismissal of Cargill's second Notice of Contest was improper.

Minn.Stat. § 182.657 (1984) provides that the department's authority to promulgate rules is governed by the Administrative Procedure Act. Noticeably, neither the APA nor the regulations promulgated thereunder provide for the dismissal of actions for failure to file an answer. Indeed, "default" is defined only as failure to appear at a hearing or to comply with interlocutory orders of a judge. Minn.R. 1400.-6000 (1985).

Had the legislature intended to provide for the termination of proceedings for failure to answer, it clearly could have done so. In Minn.Stat. § 182.661, subd. 1 (Supp. 1985), the legislature expressly provided that a citation is deemed final if the employer has failed to timely file a Notice of Contest. After a Notice of Contest is filed, however, "the board *shall* conduct a hearing in accordance with the applicable provisions of chapter 14, for hearings in contested cases." Minn.Stat. § 182.661, subd. 3 (1984) (emphasis supplied).

Dismissal of proceedings is an extremely harsh sanction, particularly where, as here, dismissal follows a minor infraction of a procedural rule. In *Firoved v. General Motors Corp.*, 277 Minn. 278, 152 N.W.2d 364 (1967) the court stated:

An order of dismissal on procedural grounds runs counter to the primary objective of the law to dispose of cases on the merits. Since a dismissal with prejudice operates as an adjudication on the merits, it is the most punitive sanction which can be imposed for noncompliance with the rules or order of the court or for failure to prosecute. It should therefore

be granted only under exceptional circumstances.

*Id.* at 283, 152 N.W.2d at 368 (footnote omitted). While *Firoved* pertained to actions in courts of law, we find its reasoning equally persuasive in the administrative setting.

We therefore conclude that, by authorizing the dismissal of actions in situations such as Cargill's, the department has exceeded its authority to promulgate rules reasonably necessary to carry out its responsibilities.[1]

In light of our holding, we need not address Cargill's additional claims regarding the validity of the department's orders.

### DECISION

Reversed and remanded.

---

1. By our ruling we do not intend to imply that the Department may not impose other sanctions short of dismissal for failure to answer.