**Carl CHISHOLM, Appellant,**

v.

**Thomas FOLEY, Respondent.**

**No. CX-88-413.**

Court of Appeals of Minnesota.

Aug. 16, 1988.

John A. Pecchia, Carter J. Bergen, Butler & Pecchia, St. Paul, for appellant.

Shelly A. Simmering, Thomas R. O'Connell, Collins, Buckley, Sauntry & Haugh, St. Paul, for respondent.

Heard, considered, and decided by LANSING, P.J., and SCHULTZ and LOMMEN, JJ.*

## OPINION

LANSING, Judge.

After Carl Chisholm's attorney voluntarily withdrew from representation in a negligence action, Thomas Foley's attorney notified Chisholm that he must appoint substitute counsel or he would forfeit his right to further notice in the proceedings. Chisholm did not name new counsel within the time specified, and Foley moved for dismissal based on Chisholm's failure to prosecute. Following an ex parte hearing, the trial court dismissed the negligence action and held that Chisholm's failure to identify substitute counsel extinguished his right to notice of the hearing. Chisholm appeals the court's application of Minn.Stat. § 481.12 and Minn.R.Civ.P. 41.02. We reverse and remand.

## FACTS

In July 1980, Carl Chisholm was severely injured when he was shot in the head while visiting his brother in an apartment building owned by Thomas Foley. Chisholm brought a negligence action against Foley in November 1985, alleging that Foley had failed to provide adequate security for the apartment building. Chisholm did not file his complaint. Foley's answer, dated March 20, 1987, denied any causal fault or liability.

After further investigation, Chisholm's attorney voluntarily withdrew from the case and informed opposing counsel by letter on September 2, 1987. Foley's attorney notified Chisholm by letter on September 14, 1987, that Chisholm was required under

* Acting as judges of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

Minn.Stat. § 481.12 (1986) to identify substitute counsel.

On October 14, 1987, Chisholm's brother called Foley's attorney and asked for an extension of time to obtain substitute counsel. Foley's attorney agreed to give Chisholm until October 26, 1987, and Chisholm's brother agreed that if Chisholm had not retained counsel by that time Foley could proceed without further notice. Chisholm did not supply the name of substitute counsel.

On November 5, 1987, Foley's attorney filed a motion to dismiss under Minn.R. Civ.P. 41.02 for failure to prosecute. Foley did not serve Chisholm with notice of the motion or hearing. The motion was heard ex parte on November 23, 1987. The trial court found that Foley had given notice under Minn.Stat. § 481.12, that Chisholm's brother agreed to comply by October 26, 1987 or forfeit Chisholm's further notice, and that Chisholm failed to identify substitute counsel. The court concluded that Foley was entitled to move for dismissal without notice to Chisholm, and ordered the complaint dismissed.

After entry of judgment, Chisholm obtained substitute counsel. On February 17, 1988, Chisholm's new attorney filed the summons and complaint, a motion to vacate the judgment, and a motion for leave to file an amended complaint. On February 19, 1988, Chisholm appealed the November 25, 1987 order to this court. The appeal was held to be timely in a March 15, 1988 order. During this time, the trial court dismissed Chisholm's pending motions for lack of jurisdiction. On appeal Chisholm contends that the trial court erred in applying Minn. Stat. § 481.12.

## ISSUES

1. Did the trial court err in applying Minn.Stat. § 481.12 to extinguish a right to notice for failure to identify substitute counsel when the attorney voluntarily withdrew?

2. Did the trial court err in granting defendant's motion to dismiss without notice to plaintiff?

## ANALYSIS

### I.

■ Minn.Stat. § 481.12 obligates a party to appoint new counsel and provide written notice of the substitution to adverse parties if the sole attorney for that party "dies, becomes insane, or is removed or suspended." Minn.Stat § 481.12 (1986). If the adverse party is not notified of the substitution within the time period provided by statute, that party may proceed without further notice to the unrepresented party. *Id.*

It is undisputed that Chisholm failed to provide notice of substitute counsel within the statute's time limits. However, Chisholm argues that § 481.12 does not control his case because the statute applies only if a sole attorney "dies, becomes insane, or is removed or suspended." Because Chisholm's counsel voluntarily withdrew, Chisholm contends that he does not fit the categories set forth in the statute. We agree.

Although there may be no apparent reason to distinguish the need for notice of a substitute attorney when there is a voluntary withdrawal from the need for notice of substitution as a result of an attorney's death, insanity, removal or suspension, we cannot supply what the legislation does not.

> When the words of a law in their application to an existing situation are clear and free from all ambiguity, the letter of the law shall not be disregarded under the pretext of pursuing the spirit.

Minn.Stat. § 645.16 (1986). Our reluctance to read an additional category into the statute is increased in the present case because this reading would deprive the litigant of notice of a hearing that determines the action.

Because we conclude that § 481.12 does not apply, we do not consider whether the brother's phone call constituted an appearance, whether the failure to comply with § 481.12 is sufficient to support a dismissal for failure to prosecute, or whether the

Minnesota Rules of Civil Procedure supercede the statute.

## II.

The remaining issue is whether Foley's failure to provide notice of the motion to dismiss invalidates the trial court's order. Dismissal based on procedural grounds is a severe sanction which runs contrary to the general objective of the law to dispose of cases on their merits. *See Firoved v. General Motors Corp.*, 277 Minn. 278, 283, 152 N.W.2d 364, 368 (1967).

Rule 41.02(1) provides:

> The court may on its own motion, or upon motion of a party, and upon such notice as it may prescribe, dismiss an action or claim for failure to prosecute or to comply with these rules or any order of the court.

Minn.R.Civ.P. 41.02(1). Although this rule allows a court the authority to dismiss and the discretion to prescribe the amount of notice, it does not provide that the court may dismiss a case without any notice to a party. *See* 2 D. Herr and R. Haydock, *Minnesota Practice* § 41.15 (1985) ("Rule 41.02(1) requires the court to prescribe the notice time for hearing a Rule 41.02 motion which provision prohibits an involuntary dismissal from being granted ex parte").

Under Minn.R.Civ.P. 7.02, motions require written notice to the parties, and a hearing "unless the particular rule under which the motion is made specifically provides that the motion may be made ex parte." Rule 41.02 contains no specific provision for ex parte hearings.

Chisholm did not receive notice of the motion for dismissal or the hearing. Because the Minnesota Rules of Civil Procedure require written notice of a motion to dismiss, we reverse the dismissal and remand the case to the trial court.

## DECISION

Reversed and remanded.