**MINNESOTA HUMANE SOCIETY,**
Appellant,

v.

**MINNESOTA FEDERATED HUMANE SOCIETIES**, Timothy J. Shields, Respondents.

No. C3–99–2063.

Court of Appeals of Minnesota.

June 20, 2000.

Michael D. Beach, Faegre & Benson, LLP, Minneapolis, for appellant.

Thomas H. Goodman, Siegel, Brill, Greupner, Duffy & Foster, P.A., Minneapolis, for respondent Minnesota Federated Humane Societies.

Bruce C. Bromander, Bloomington, for respondent Shields.

Considered and decided by SCHUMACHER, Presiding Judge, HARTEN, Judge, and SHUMAKER, Judge.

## OPINION

SHUMAKER, Judge.

Appellant Minnesota Humane Society sued respondents Minnesota Federated Humane Societies and Timothy J. Shields, Esq. After the parties twice attempted to finalize a settlement, the district court granted respondents' motion to dismiss the action for failure to prosecute. Without

first holding a hearing on respondents' motion for fees and costs, the court also awarded attorney fees and costs against appellant for bad-faith settlement negotiations. Minnesota Humane Society appeals, contending the district court abused its discretion in dismissing the case, in awarding attorney fees without a hearing, and in setting an excess fee amount. We reverse and remand.

## FACTS

Appellant Minnesota Humane Society (MHS) filed a civil action against Minnesota Federated Humane Societies (Federated) and Timothy J. Shields in Hennepin County on June 25, 1997.

The district court set the case for trial to begin June 1, 1998. On May 22, 1998, the parties' attorneys told the court that they had reached a settlement. The court struck the case from the trial calendar.

Contending that MHS failed to prepare a written settlement agreement, Federated filed a motion on December 16, 1998, seeking fees and enforcement of the settlement, or, in the alternative, a dismissal of MHS's action.

The court scheduled the motions to be heard on January 7, 1999. By letter, MHS told the court that it would oppose the motions and asked for a continuance to try to resolve the dispute. The court did not hold a hearing on the motions but rather directed the parties to try to negotiate a second settlement. On January 14, 1999, the parties met with the court in chambers and agreed to a settlement, subject to approval by their respective boards of directors. MHS was to prepare a final, written settlement agreement. Respondents admitted on the record that the parties had engaged in good-faith negotiations.

In a letter to the court on April 9, 1999, Federated contended that MHS had again failed to prepare a written settlement agreement. Federated requested a ruling on its pending motions for enforcement of the settlement or dismissal, and for attorney fees and costs. MHS's response letter alleged that Federated had not complied with certain settlement terms and urged the court to deny the motions.

On April 29, 1999, Federated filed a new motion to dismiss the action for failure to prosecute. The court heard the motion on May 20, 1999. The arguments focused on whether or not a particular matter was part of the settlement agreement. The court noted that "there certainly could be interpreted to be an ambiguity about this other matter * * *." But the court concluded that the settlement was not conditioned on the other matter and granted Federated's motion to dismiss:

> I'm dismissing this case because of a bad faith claim by [MHS] that an issue that you have raised as being part of a settlement agreement was not part of a settlement agreement.

The court then awarded attorney fees against MHS:

> [B]ecause of that, all of the attorney's fees that have been incurred by [Federated and Shields] from the time of the initial * * * agreement * * * are going to be borne by your client.

Saying the matter was now resolved, the court immediately concluded the hearing and issued written orders on August 10, 1999 and September 1, 1999. In the August 10 order, the court granted a dismissal with prejudice. In the September 1 order, the court awarded attorney fees and costs to Federated in the sum of $15,976.48 and to Shields in the sum of $1,818.65 "because of MHS' bad faith settlement negotiations in this matter."

On appeal, MHS argues that the court abused its discretion by dismissing the action, by awarding attorney fees and costs to Federated, and by awarding excessive fees.

## ISSUES

1. May a district court dismiss a case for failure to prosecute without calling the case for trial?

2. May a district court dismiss a case for failure to finalize a proposed settlement agreement?

3. May a district court impose attorney fees as a sanction under Minn.Stat. § 549.211 without notice and an opportunity to be heard?

## ANALYSIS

### Dismissal

We review a district court's dismissal of a claim with prejudice under an abuse of discretion standard. *Firoved v. General Motors Corp.*, 277 Minn. 278, 283, 152 N.W.2d 364, 368 (1967). A trial court may dismiss a case for failure to prosecute. Minn. R. Civ. P. 41.02(a). Because a dismissal with prejudice is the most punitive sanction that can be imposed for failure to prosecute, it should be granted only under exceptional circumstances. *Firoved*, 277 Minn. at 283, 152 N.W.2d at 368.

"[A] case may not be dismissed for lack of prosecution until it has been called for trial." *Reichert v. Union Fidelity Life Ins. Co.*, 360 N.W.2d 664, 667 (Minn.App.1985). When this case was called for trial, the parties agreed that it could be stricken because they had reached a settlement. The court did not reset the matter for trial. Before the court may properly find a failure to prosecute, it must call the case for trial:

Had appellant been given an opportunity to prosecute his case and then refused to do so, the trial court could have properly exercised its discretion in dismissing this action.

*Chahla v. City of St. Paul*, 507 N.W.2d 29, 32 (Minn.App.1993).

In the memorandum attached to its order dismissing the case, the court states that, "MHS has had numerous opportunities to either take its case to trial or follow through on promised settlements. It has done neither." The record does not show that the court ordered the parties to trial at any time after it struck the case

from the trial calendar in May 1998. Subject to the possibility of reasonable continuances, it is the court and not the litigants that controls the call of a case for trial. A condition precedent to a proper dismissal for failure to prosecute is the court's order that the parties proceed to trial. That condition was not satisfied here. The district court abused its discretion in dismissing the action for failure to prosecute.

Moreover, a dismissal for failure to prosecute necessarily operates on the presumption that the case has not been settled. Federated believed the case had been settled. The court believed the same and stated that in its dismissal order:

Agreement was ultimately reached between the parties on January 14, 1999. The parties placed their agreement of a full and final settlement on the record before this Court in chambers.

Despite the existence of a full and final settlement, the court declined to enforce the agreement and opted instead to dismiss the lawsuit. *Jallen v. Agre*, 264 Minn. 369, 373 119 N.W.2d 739, 742–43 (1963) (a definite settlement of a lawsuit is contractual in nature and will be enforced). This, too, was error because MHS had no legal right to take a settled case to trial.

Finally, although a court may strongly encourage and facilitate a settlement, it may not order litigants to settle a case. *Cf. Olson v. Lovett*, 457 N.W.2d 224, 225 (Minn.App.1990) (acknowledging that, while courts may order parties to participate in nonbinding alternative dispute resolution proceedings, such proceedings are not intended to preclude either parties' access to trial). Because parties to civil litigation have no legal duty to settle, a refusal to do so is not tantamount to a refusal to prosecute. Although a court might sanction a party for conduct in settlement negotiations, the court cannot dismiss a case for refusal to settle.

### Attorney Fees

This court will not reverse a trial court's award or denial of attorney fees

absent an abuse of discretion. *Becker v. Alloy Hardfacing & Eng'g Co.,* 401 N.W.2d 655, 661 (Minn.1987). A trial court may award monetary sanctions against a party who engages in action to cause unnecessary delay in litigation. Minn.Stat. § 549.211, subd. 2(1) (1998).

The trial court has authority to award monetary sanctions only if, "after notice and a reasonable opportunity to respond, the court determines that subdivision 2 has been violated." Minn. Stat § 549.211, subd. 3 (1998); *see also Uselman v. Uselman,* 464 N.W.2d 130, 143–44 (Minn.1990) ("[t]o facilitate an orderly and uniform approach to the imposition of sanctions," the supreme court established minimum procedural guidelines of "fair notice of both the possibility of a sanction and the reason for its proposed imposition * * * [and] an opportunity to respond to the notice of a possible * * * sanction)."

"A sanction imposed for violation of this section must be limited to what is sufficient to deter repetition of the conduct * * *." Minn.Stat. § 549.211, subd. 5(a) (1998). Furthermore, "the court shall describe the conduct determined to constitute a violation of this section and explain the basis for the sanction imposed." Minn. Stat. § 549.211, subd. 5(c) (1998).

The court assessed against MHS all fees and costs that Federated and Shields had incurred from the time of the May 1998 settlement to the date of the May 20, 1999, hearing, despite respondents' admission in January 1999 that all parties were negotiating in good faith.

Accordingly, the court did not give MHS notice of the possibility of that sanction and did not give MHS an opportunity to be heard. Further, the court did not distinguish between fees and costs attributable to good-faith settlement negotiations and conduct constituting bad faith or delay tactics. Thus, the court abused its discretion in imposing attorney fees and costs without notice and an opportunity for hearing and in broadly awarding all fees and costs incurred without differentiating appropriate from inappropriate conduct.

Because we find that procedural safeguards were not afforded to MHS, we do not reach the issue of whether the fees awarded were excessive.

## DECISION

Because the district court abused its discretion in dismissing the case for failure to prosecute without first calling the case to trial, we reverse the dismissal and remand. Because the district court abused its discretion in awarding attorney fees as a sanction for bad-faith conduct without first giving MHS notice and an opportunity to be heard, we reverse the award of attorney fees and remand.

**Reversed and remanded.**