*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A14-0704**

Joseph Dixon,
Appellant,

vs.

Avarto Digital Services NetZero,
Respondent.

**Filed December 22, 2014**
**Affirmed; motions granted**
**Kirk, Judge**

Ramsey County District Court
File No. 62-CV-13-6640

Joseph Dixon, Minneapolis, Minnesota (pro se appellant)

John P. Borger, Leita Walker, Faegre Baker Daniels LLP, Minneapolis, Minnesota (for respondent)

Considered and decided by Rodenberg, Presiding Judge; Kirk, Judge; and Huspeni, Judge.[*]

_____

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

UNPUBLISHED OPINION

**KIRK**, Judge

Appellant challenges the district court's grant of summary judgment in respondent's favor arising from an alleged breach of a contractual agreement to provide Internet services. We affirm.

## FACTS

In December 2012, appellant Joseph Dixon signed up for NetZero's wireless broadband 4G Internet service, and was charged $14.90 a month for service, a one-time fee of $24.98 for a Hotspot device, and shipping and handling costs. On September 11, 2013, Dixon filed a complaint against respondent "Avarto Digital Services Netzero" alleging breach of contract when it permanently disconnected Dixon's Internet service but continued to bill him for service.

"Avarto Digital Services Netzero" failed to file a timely response, and Dixon moved for default judgment. On January 7, 2014, counsel for Avarto Digital Services, LLC, appeared at the default hearing. When the district court asked Avarto's counsel why it had not filed any response to Dixon's pleadings, Avarto's counsel explained that it had only recently learned of the lawsuit because it was not properly named as a defendant in the complaint.

Dixon argued that Avarto was properly named in the complaint and had been properly served. Dixon produced a copy of an affidavit signed by a sheriff's deputy of the San Fernando, California Sheriff's Department stating that Avarto was personally

served at its business address in Valencia, California. Avarto claimed that it had not received any notice about the lawsuit from its Valencia office.

The district court denied Dixon's motion for default judgment because Avarto's counsel appeared at the default hearing, and stated that it preferred allowing the parties to litigate the case on its merits. The district court assessed a $100 penalty against Avarto because it appeared that it had been properly served, granted Avarto's request to file a certificate of representation, and ordered Avarto to answer the complaint.

Avarto moved for summary judgment, arguing that it is not the proper defendant in this action. In support of its motion, Avarto submitted affidavits from a vice president at Avarto Digital Services, LLC, and a customer-service manager at NetZero Wireless, Inc., stating that NetZero and Avarto Digital Services, LLC, are separate corporations, Avarto is not an Internet-service provider, does not provide wireless Internet services, and is not involved in the billing of Dixon's Internet services.

The district court granted Avarto's motion for summary judgment, determining that Dixon had sued the wrong defendant, and entered judgment for Avarto. This appeal follows.

## D E C I S I O N

### I. The district court did not err by denying Dixon's motion for default judgment.

Dixon argues that the district court erred by denying his motion for default judgment because it failed to follow the Minnesota Rules of Civil Procedure and his constitutional rights were violated. This court will not reverse a district court's decision

3

to grant or deny a motion for a default judgment absent an abuse of that discretion. *Black v. Rimmer*, 700 N.W.2d 521, 525 (Minn. App. 2005), *review dismissed* (Minn. Sept. 28, 2005).

The district court properly denied Dixon's motion because Avarto appeared for the default hearing and explained that its delay in responding to Dixon's lawsuit was largely due to the fact that it was not the proper defendant. Moreover, we agree with the district court's conclusion that although Avarto failed to file a timely answer to Dixon's complaint, "an order of dismissal on procedural grounds runs counter to the primary objective of the law to dispose of cases on the merits." *Firoved v. Gen. Motors Corp.*, 277 Minn. 278, 283, 152 N.W.2d 364, 368 (1967).

We deem Dixon's claim of a constitutional-rights violation to be waived because he fails to make and develop a probative argument and does not cite any legal authority supporting his claim. *See State v. Butcher*, 563 N.W.2d 776, 780 (Minn. App. 1997), *review denied* (Minn. Aug. 5, 1997) (stating where appellant asserts error but fails to address error in his brief, the issue is deemed waived).

## II. The district court did not err in granting summary judgment in favor of Avarto.

"On appeal from summary judgment, we must review the record to determine whether there is any genuine issue of material fact and whether the district court erred in its application of the law." *Dahlin v. Kroening*, 796 N.W.2d 503, 504 (Minn. 2011). "We view the evidence in the light most favorable to the party against whom summary

4

judgment was granted." *STAR Ctrs., Inc. v. Faegre & Benson, L.L.P.*, 644 N.W.2d 72, 76-77 (Minn. 2002).

Dixon's arguments are incoherently presented, but we surmise from his brief that he is arguing that the district court erred in granting summary judgment to Avarto because his due-process rights were violated, and Avarto is liable under the doctrine of *respondeat superior*. We conclude that Dixon has waived these arguments because he failed to raise them before the district court. *See Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn. 1988) (stating that generally an appellate court will not consider matters not argued to and considered by the district court).[1]

**Affirmed; motions granted.**

---

[1] Dixon moves this court to accept an informal reply brief and exhibits. We grant Dixon's motions. After reviewing the arguments raised by Dixon in the reply brief, we conclude that they are without sufficient merit to warrant discussion in this opinion. The exhibits are copies of documents that were part of the original district court record and do not raise any new issues for us to consider.