*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-2010**

A & M Market LLC,
Respondent,

vs.

West Side Groceries, Inc., et al.,
defendants and third party plaintiffs,
Appellants,

vs.

Stryker Market, LLC, et al.,
third party defendants,
Respondents.

**Filed July 20, 2015
Reversed and remanded; motion to strike granted and motion for fees denied
Schellhas, Judge**

Ramsey County District Court
File No. 62-HG-CV-11-1623

John M. Cabak, Cabak Law, LLC, Pine City, Minnesota (for respondent A & M Market)

Kevin S. Sandstrom, Eckberg, Lammers, Briggs, Wolff & Vierling, PLLP, Stillwater, Minnesota (for appellants)

Chad D. Lemmons, Kelly & Lemmons, P.A., Little Canada, Minnesota (for respondents Stryker Market, et al.)

Considered and decided by Schellhas, Presiding Judge; Reyes, Judge; and Minge, Judge.[*]

## UNPUBLISHED OPINION

**SCHELLHAS**, Judge

Appellants challenge the district court's sua sponte dismissal with prejudice of their claims against respondent. We reverse and remand for further proceedings.

## FACTS

This case originated with respondent A & M Market LLC's attempt to evict appellants West Side Groceries Inc. and Hamza Abualzain (individually or collectively, Abualzain) after A & M's unsuccessful attempt to purchase the grocery business that Abualzain operates on the rental premises. Abualzain counterclaimed against A & M in the eviction action and interpleaded respondents Stryker Market LLC, Khaffak Ansari, and Tawfiq Ansari (individually or collectively, Ansaris). The facts of the underlying dispute are discussed in this court's prior opinion, remanding the case to the district court. *A & M Market LLC v. West Side Groceries, Inc.*, No. A12-1032, 2013 WL 1942999, at *1−2 (Minn. App. May 13, 2013).

On remand, the district court ordered the parties to mediate their claims by June 19, 2014, and, if unsuccessful, to participate in a pre-trial/settlement conference on August 25. On June 10, A & M sent the court a letter, stating that "the Parties are formally notifying this Court that the parties have reached a mediated settlement

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

agreement. The parties will file the required Stipulations of Dismissal as soon as possible." The parties neither attended the tentatively scheduled pre-trial/settlement conference on August 25 nor submitted stipulations of dismissal to the court.

The district court subsequently ordered the parties to appear for a status conference on September 19 at which the court asked why the parties had not filed any stipulations of dismissal. A & M's counsel said that the parties had "appeared to [reach] a global settlement where [they] would have no more claims"; that, as part of the agreement, A & M had agreed to purchase the grocery business but that certain regulatory violations subsequently rendered the business nonexistent; and that "at this time, we don't have a business to purchase." All counsel argued about the existence, validity, and enforceability of the mediated settlement agreement and the propriety of dismissing the case.[1] At the conclusion of the hearing, the court stated that it was dismissing the case with prejudice, issued an order to that effect, and directed entry of judgment accordingly.

This appeal follows.

### DECISION

*Motion to strike*

Abualzain moves this court to strike documents in A & M's addendum and all references to those materials because they are not part of the record. The documents include (1) a copy of the mediated settlement agreement, (2) five news articles regarding

---

[1] No one provided the settlement agreement to the district court, and it is not included in the record before us.

Abualzain and the grocery business, and (3) an unfiled copy of a complaint to enforce the settlement agreement in a subsequent case. The documents filed in the district court, the exhibits, and the transcript of the proceedings, if any, shall constitute the record on appeal. Minn. R. Civ. App. P. 110.01. The general rule is that an appellate court may not base its decision on matters outside the record on appeal and may not consider matters not produced and received in evidence below. *Thiele v. Stich*, 425 N.W.2d 580, 582–83 (Minn. 1988).

But exceptions to the rule against consideration of new matters on appeal exist. First, "when the evidence is documentary evidence of a conclusive nature (uncontroverted) which supports the result obtained in the lower court, [appellate courts] may [consider it]." *Vill. Apartments v. State (In re Objections to Real Prop. Taxes for 1980 Assessment)*, 335 N.W.2d 717, 718 n.3 (Minn. 1983). Second, a motion to strike material from a party's brief on the ground that the material is outside the scope of the record on appeal is properly denied when the contested material is a public record to which an appellate court could refer in the course of its own research. *State v. Rewitzer*, 617 N.W.2d 407, 411 (Minn. 2000). Third, a party can request that an appellate court take judicial notice. *See Eagan Econ. Dev. Auth. v. U-Haul Co. of Minn.*, 787 N.W.2d 523, 530 (Minn. 2010) (taking judicial notice of public records). A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the district court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Minn. R. Evid. 201(b).

After reviewing the documents contained in A & M's addendum, we conclude that none of them is part of the record under rule 110.01 and that the exceptions to the general rule that extra record materials will not be considered on appeal do not apply. None of the documents is conclusive in nature, nor is any document a public record or otherwise susceptible to judicial notice. We therefore grant Abualzain's motion to strike these documents from A & M's addendum and references to these documents from A & M's response brief.

***Attorney fees***

Abualzain also moves this court under Minn. R. Civ. App. P. 139.06 for an award of attorney fees incurred in bringing his motion to strike. Generally, attorney fees are not recoverable absent authorization by contract or statute. *Barr/Nelson, Inc. v. Tonto's, Inc.*, 336 N.W.2d 46, 53 (Minn. 1983). Rule 139.06 is procedural only and does not provide a substantive basis for claiming fees on appeal. Minn. R. Civ. App. P. 139.06 1998 advisory comm. cmt. As substantive support for the request for attorney fees, Abualzain cites *Glass Serv. Co. v. Progressive Specialty Ins. Co.*, 603 N.W.2d 849 (Minn. App. 2000), and *Fabio v. Bellomo*, 489 N.W.2d 241 (Minn. App. 1992), *aff'd*, 504 N.W.2d 758 (Minn. 1993). But neither of these cases provides a substantive basis for attorney fees in this matter. *See Glass Serv. Co.*, 603 N.W.2d at 853 (denying motion for attorney fees brought in conjunction with motion to strike documents from appellant's appendix to reply brief and references thereto in reply brief because "appellant's reply brief d[id] not appear to have been written with the intent to delay proceedings or increase costs"); *Fabio*, 489 N.W.2d at 246 (denying motion for attorney fees brought in conjunction with

motion to strike document appended to respondent's brief because attorney fees were not "warranted"). We therefore deny Abualzain's motion for attorney fees.

***Involuntary dismissal of claims with prejudice***

The district court sua sponte dismissed the parties' claims with prejudice, stating:

> Okay. This Court has responsibility to enforce its orders. It's the responsibility of the Court, once the parties invoke the jurisdiction of the Court, to make sure its orders are followed. The parties had invoked the jurisdiction of the Court to not operate outside of the Court's authority. The letter of June 10, 2014 indicated this matter was settled and that there would be a Stipulation of Dismissal. The parties have not provided the Stipulation of Dismissal. This Court is going to enforce its orders, its authority, and dismiss all remaining claims in this case. If any party is wishing relief from that or enforcement of the settlement agreement, they can move with regard to the enforcement of the settlement agreement by separate action. If they believe there's a basis to vacate the dismissal in this case, then they'll have to move for an order to vacate the dismissal.

Although the court did not identify the legal authority on which it dismissed the case, the court's statements suggest that it dismissed the parties' claims under Minn. R. Civ. P. 41.02(a), which provides that "[t]he court may upon its own initiative, . . . and upon such notice as it may prescribe, dismiss an action or claim for failure to prosecute or to comply with these rules or any order of the court." We conclude that the court dismissed the parties' claims for failure to comply with an order of the court and review the court's dismissal order accordingly.

"Rule 41.02[a[2]] is designed to let the trial court manage its docket and eliminate delays and obstructionist tactics by use of the sanction of dismissal." *Lampert Lumber Co. v. Joyce*, 405 N.W.2d 423, 425 (Minn. 1987). "If a party does not cooperate with the litigation process by failing to comply with the rules of procedure or an order of the court, the judge may dismiss the case with or without prejudice." *Id.* "In other words, Rule 41.02([a]) permits dismissal for trial management reasons, not for lack of substantive merits of a claim." *Id.* "An order of dismissal on procedural grounds runs counter to the primary objective of the law to dispose of cases on the merits." *Firoved v. Gen. Motors Corp.*, 277 Minn. 278, 283, 152 N.W.2d 364, 368 (1967). A dismissal under rule 41.02(a) "operates as an adjudication on the merits." *Johnson v. Hunter*, 447 N.W.2d 871, 873 (Minn. 1989). As such, "it is the most punitive sanction which can be imposed for noncompliance with the rules or order of the court." *Firoved*, 227 Minn. at 283, 152 N.W.2d at 368. "It should therefore be granted only under exceptional circumstances." *Id.* "A dismissal under this rule is an exercise of discretionary authority which will be sustained on appeal absent a showing of clear abuse viewing the record in the light most favorable to the trial court's order." *Zuleski v. Pipella*, 309 Minn. 585, 586, 245 N.W.2d 586, 587 (1976); *see also Johnson*, 447 N.W.2d at 873 ("Ordering an involuntary dismissal pursuant to Minn. R. Civ. P. 41.02([a]) . . . rests within a trial court's discretion.").

To determine whether the district court abused its discretion by dismissing the parties' claims with prejudice, we must know the order that the court deemed the parties

---

[2] Prior to 1989, rule 41.02(a) was numbered as Minn. R. Civ. P. 41.02(1).

to have violated. The court did not identify the violated order, and we cannot do so based on the record before us. On remand and before the dismissal of the parties' claims, the court issued two scheduling orders and an order to appear for a status conference on September 19, 2014. The parties identify the second scheduling order, issued in May 2014, as possibly the order that the court deemed violated. The only provision in the May 2014 scheduling order that the parties arguably violated is the provision ordering the parties to participate in a pre-trial/settlement conference, as follows:

> A pre-trial/settlement conference is hereby set for August 25, 2014 at 9:30 am in Room 1270. The attorney who will try the case, the parties involved in the litigation (except insureds with no settlement authority), and claims adjusters must attend. At least one person who has final authority to settle this case, must personally attend. Leave may be granted by the undersigned to allow out-of-state parties or claims adjusters to appear by telephone. There will be consequences for non-appearance by attorneys or those with settlement authority. Consequences include sanctions, possible dismissal or default judgment.

Perhaps the court viewed the parties' nonparticipation in the August 25 pre-trial/settlement conference as a violation of its order. But at the September 19 status hearing, the court noted that following its receipt of the parties' settlement notification, the court took the case "off [its] pretrial and trial schedule." We therefore conclude that the parties did not violate the May 2014 scheduling order by not participating in a pre-trial/settlement conference that the court had stricken from its schedule.

But even if we were to conclude that the district court dismissed the parties' claims for violating the May 2014 scheduling order, we would not agree that dismissal with prejudice was within the court's discretion. "The decision to dismiss necessarily

8

depends upon the circumstances peculiar to each case, justice and equity to each party, and considered with reference to just, speedy, and inexpensive disposition of the case and the policy underlying the dismissal rules of preventing harassment and unreasonable delays in litigation." *Zuleski*, 309 Minn. at 586–87, 245 N.W.2d at 587 (quotations omitted). "The primary factor to be considered in determining whether to grant a dismissal with or without prejudice is the prejudicial effect of the order upon the parties to the action." *Firoved*, 277 Minn. at 283, 152 N.W.2d at 368. "In addition to the prejudicial effect of a dismissal upon the parties, the factors of the amount of delay and the reasons therefor must be considered." *Id.* at 284, 152 N.W.2d at 369.

Here, the district court's dismissal order is prejudicial to Abualzain, who is left to attempt to enforce a settlement agreement that A & M claims to be unenforceable. If A & M is successful in resisting enforcement of the settlement agreement, Abualzain's only recourse is to move the court to vacate the judgment entered upon the court's dismissal with prejudice. On the other hand, the record contains no evidence of prejudice that A & M or Ansaris have suffered or will suffer as a result of the delay in this litigation, other than the delay itself. A defendant must experience a "particular prejudice of such a character that some substantial right or advantage will be lost or endangered" before a dismissal with prejudice is warranted. *See id.* at 283–84, 152 N.W.2d at 368 ("[T]he ordinary expense and inconvenience of preparation and readiness for trial . . . are not prejudice of the character which would justify . . . a dismissal with prejudice."). In consideration of the four years of litigation in this case and assuming that the parties' lack of participation in the pre-trial/settlement conference caused some delay, all parties

9

contributed to that delay. "While a defendant is under no obligation to move the plaintiff's case forward even if delay would ultimately prejudice the defendant, the court should not ignore what role, if any, the defendant played in causing the delay." *Modrow v. JP Foodservice, Inc.*, 656 N.W.2d 389, 396 (Minn. 2003).

Although the district court has broad discretion to dismiss claims under rule 41.02, "such discretion should be tempered by the well-settled tenet that a Rule 41.02 dismissal is a severe remedy because it operates as an adjudication on the merits." *Id.* at 397 (quotations omitted). Given the facts of this case, we conclude that the court abused its discretion by dismissing the parties' claims with prejudice. We reverse and remand to the district court for further proceedings consistent with this opinion.

**Reversed and remanded; motion to strike granted and motion for fees denied.**