Robert OLSON, claimant, Appellant,

v.

Thomas G. LOVETT, Jr.,
receiver, Respondent.

Frederic A. BREMSETH, Plaintiff,

v.

Robert N. STONE, et al., Defendants,

and

Robert N. STONE, Plaintiff,

v.

Charles A. COLLINS, et al.,
Defendants.

No. C6–90–232.

Court of Appeals of Minnesota.

June 12, 1990.

David L. Graven, Robert A. Alsop,
Holmes & Graven, Minneapolis, for appellant.

Richard J. Harden, Lovett & Associates,
Ltd., Minneapolis, for respondent.

Considered and decided by
KLAPHAKE, P.J., and HUSPENI and
RANDALL, JJ.

## OPINION

HUSPENI, Judge.

Appellant argues that the trial court's
denial of his motion for a new trial was
error because the neutral's findings on
which it was based were nonbinding. We
agree and reverse.

## FACTS

In October, 1987, respondent Thomas G.
Lovett was appointed receiver for a law
firm. On March 30, 1988, pursuant to the
alternative dispute resolution (ADR) stat-
ute, Minn.Stat. § 484.74 (Supp.1987), a neu-
tral was appointed to evaluate all contested
claims resulting from the firm's dissolu-
tion. Subsequently, appellant Robert Ol-
son filed a claim under an alleged 1983
compensation agreement he had with the
firm. Upon the receiver's denial of appel-
lant's claim, the issue was taken before the
neutral who, after a hearing, denied appel-
lant's claim. Three days later, the trial
court "adopted" the neutral's findings, con-
clusion and memorandum. Judgment was
subsequently entered. A week later appel-
lant moved for a "new trial," noting that
the determinations of the neutral were stat-
utorily nonbinding and alleging that the
neutral's findings were not supported by

the evidence. After a hearing, the trial court denied appellant's motion.

## ISSUE

May a trial court enter judgment based on the findings and conclusions of a neutral appointed pursuant to Minn.Stat. § 484.74 (Supp.1987)?

## ANALYSIS

The trial court entered judgment based upon the findings of a neutral appointed under Minn.Stat. § 484.74 (Supp.1987). Under that statute:

> In litigation involving an amount in excess of $50,000 in controversy, the presiding judge may, by order, direct the parties to enter *nonbinding* alternative dispute resolution. Alternatives may include private trials, neutral expert fact-finding, mediation, minitrials, and other forms of alternative dispute resolution. The guidelines for the various alternatives must be established by the presiding judge and must emphasize early and inexpensive exchange of information and case evaluation *in order to facilitate settlement.*

Minn.Stat. § 484.74, subd. 1 (emphasis added). The nonbinding nature of the ADR procedures under Minn.Stat. § 484.74, subd. 1, combined with the fact that the procedures thereunder are to be used "in order to facilitate settlement," require the conclusion that while a court may order parties to participate in the stated procedures, those procedures are not intended to preclude a party's access to trial. This analysis is not inconsistent with analogous language in the rules regarding pretrial conferences. *See* Minn.R.Civ.P. 16.01; 16.-03.

Under Minn.Stat. § 484.74, subd. 1, ADR may be ordered at the trial court's discretion. This ADR emphasizes settlement and has a nonbinding result; it therefore contrasts strongly with a separate ADR procedure allowed under the statute's 1989 amendment. That amendment, adopted af-ter the neutral in this case was appointed, is codified as Minn.Stat. § 484.74, subd. 2a. It states:

> In addition to the alternatives under subdivision 1, in cases where the amount in controversy exceeds $50,000, *and with the consent of all of the parties,* the presiding judge may submit to the parties a list of retired judges or qualified attorneys who are available to serve as *special magistrates* for *binding proceedings under this subdivision.* If the parties agree on selection of a person from the list, the presiding judge may appoint, by order, the person as a special magistrate. The special magistrate may preside over any pretrial and trial matters as determined by the presiding judge. If there is a right to a jury trial, the special magistrate shall conduct the jury trial pursuant to the rules of court and shall use the jury pool of the county in which the action is venued. *The presiding judge may adopt the rulings and findings of the special magistrate and the results of any jury trial without modification.* The parties have a right to appeal from the presiding judge's rulings and findings and from the jury verdict as in other civil matters.

(Emphasis added).

In the instant case, the parties to this appeal did not choose this neutral as a special magistrate, nor did they agree that the proceedings would be binding. Indeed, the ADR statute in effect at the time of the neutral's appointment explicitly stated that the neutral's findings would be nonbinding. The trial court, however, ordered entry of judgment, effectively treating the neutral's findings and conclusions as those of a special magistrate appointed under subdivision 2a. The trial court stated: "The Findings, Conclusion and Memorandum [of the neutral] are adopted as the Findings, Conclusion and Memorandum of this Court." To affirm this ruling would effectively allow the results of the nonbinding ADR under subdivision 1 to become binding by allowing entry of judgment on those findings.[1]

---

1. Respondent argues that the effect of the District Court adopting the Neutral's Findings and Conclusion is to make

If this were the case, the only difference between ADR under subdivision 1 and ADR under subdivision 2a would be that the subdivision 1 ADR, and hence its resulting judgment, could be imposed on the parties at the discretion of the trial court, while subdivision 2a ADR could occur only with consent of the parties.

In addition to being subject to abuse, court-imposed binding ADR under Minn. Stat. § 484.74, subd. 1 would be outside the parameters for statutory interpretation. When interpreting a statute, "[t]he object to be attained" may be considered. Minn. Stat. § 645.16(4). Here, the statute explicitly states that the "nonbinding" procedures are to "facilitate settlement." Further, when examining a statute, "[t]he consequences of particular interpretation" also may be considered. Minn.Stat. § 645.16(6) (1988). Affirming the trial court and allowing it to inflict binding ADR on the parties would substantially abrogate those provisions of subdivision 2a requiring that the parties consent to binding ADR and that they agree on the special magistrate. By law, "[t]he legislature intends the *entire* statute to be effective and certain," Minn. Stat. § 645.17(2) (1988) (emphasis added) and "[e]very law shall be construed, if possible, to give effect to *all* its provisions." Minn.Stat. § 645.16 (emphasis added).[2]

Finally, we note that neither the order appointing the receiver nor the relevant sections of the Minnesota Business Corporations Act address conducting a receivership in the ADR context. For this reason we cannot infer from these sources the authority necessary to judicially create an exception to the nonbinding nature of ADR under Minn.Stat. § 484.74, subd. 1.

Because we conclude that the trial court erred in entering judgment based on the court appointed neutral's findings, we do not reach the issue of whether the neutral's findings were supported by the evidence.

## DECISION

The trial court erred in entering judgment upon the findings, conclusions and memorandum of a neutral appointed by the court pursuant to Minn.Stat. § 484.74, subd. 1. Thus, respondent's request for a trial should have been granted.

Reversed.

---

the "nonbinding" neutral expert fact-finding binding upon the parties as a *District Court determination*. (Emphasis in original). In addition to apparently conceding the "nonbinding" nature of the neutral's findings in this case, respondent cites no authority for the proposition that nonbinding findings made under Minn.Stat. § 484.74, subd. 1 may become binding by being summarily adopted by the trial court.

2. Our determination that the trial court erred in entering judgment renders academic respondent's argument that collateral estoppel and res judicata prevent appellant from relitigating his claim. Application of those doctrines requires a (valid) judgment on the merits. *See Parklane Hosiery Co., Inc. v. Shore,* 439 U.S. 322, 326 n. 4, 99 S.Ct. 645, 649 n. 4, 58 L.Ed.2d 552 (1979).